IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 4:02-992-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON LEON BASHAM | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR A RULING
ON WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE RESULTING FROM
DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28
U.S.C. 2255 AND FOR AN ORDER REQUIRING DISCLOSURE OF TRIAL
COUNSEL'S PAPERS AND FILES

The United States of America, by undersigned counsel, submits this memorandum
in support of its motion for an order ruling that Defendant, Brandon Leon Basham, has
waived the attorney-client privilege by filing his motion for post-conviction relief
pursuant to 28 U.S.C. § 2255.  The United States seeks to compel the production of all
materials relating to Basham's trial and appellate counsel's representation of Basham,
held by trial and appellate counsel or any of Basham's counsel on the post-conviction
motion, which is necessary for the government's preparation for any future hearing on the
post-conviction motion.  The United States further seeks an order from the Court that
Basham's waiver permits his former counsel to discuss their representation of Basham
with undersigned counsel.[1]

---

[1] The Court issued such an order in the § 2255 proceedings of Basham's original
co-defendant, Chadrick Fulks.  See Docket Numbers 1226 and 1236.

I.     Case Law

The Fourth Circuit has observed that because the attorney-client privilege "'impedes the full and free discovery of the truth,' it must be 'narrowly construed and recognized only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.'"   In re: Grand Jury Subpoena v. Under Seal, 341 F.3d 331, 335 (4th Cir. 2003)(quoting Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998)); see also United States v. Aramony, 88 F.3d 1369, 1389 (4th Cir. 1996)(the attorney-client privilege interferes with the truth-seeking mission of the legal process because it is in derogation of the public's right to every man's evidence).  Therefore, "the privilege 'is not favored by federal courts' and 'is to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" Aramony, 88 F.3d at 1389.  "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability.  The proponent must establish . . . that the particular communications at issue are privileged and that the privilege was not waived." United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)(internal citations omitted).

When a client calls into public question the competence of his attorney, he waives the attorney-client privilege.  Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974)(citing Laughner v. United States, 373 F.2d 326 (5th Cir. 1967)).  A petitioner's claim that he received ineffective assistance of counsel, puts communications between

2

himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications, United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009), because inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's litigation decisions, Id. (citing Strickland v. Washington, 466 U.S. 668, 691 (1984)).  After demanding a factual judicial inquiry into his claim that his counsel failed to discharge his responsibilities properly, a petitioner cannot subsequently invoke the attorney-client privilege to eliminate the source of evidence likely to contradict his allegations.  Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001).  The Eleventh Circuit has observed: "The privilege is not an inviolable seal upon the attorney's lips.  It may be waived by the client; and where . . . the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."  Id. at 1178-1179.  Indeed, it would be unconscionable to preclude an attorney from defending himself against allegations of ineffectiveness.  Wadford v. United States, – F.Supp. –, 2011 WL 3489808 (D.S.C. 2011)(rejecting petitioner's claim that ABA Formal Opinion 10-456 precludes former counsel from disclosing information related to habeas claims).  However, waiver occurs not only where counsel seeks to defend himself against such allegations, but whenever the client has put privileged matters at issue. See, e.g., Byers v. Burleson, 100 F.R.D. 436, 440 (D.D.C. 1980) (privilege waived because information was necessary to resolve issue plaintiff raised).

II.    Petitioner's Range of Claims

By attacking the representation of his trial and appellate counsel, Basham has publicly assailed counsel's competence and put at issue privileged communications with them. Accordingly, the United States, which must now respond to defendant's allegations, should be able to review any material related to the defendant's specific allegations. Basham's claims are numerous and broad. Specifically, they include complaints that trial counsel were ineffective for:

- permitting him to speak to law enforcement outside their presence and failing to advise him that his statements could be used against him;

- failing to prepare and litigate the Jackson v. Denno hearing;

- excluding potential jurors with concerns about the death penalty;

- failing to request the Court to determine his competency to stand trial or failing to request a delay of trial until he was competent;

- permitting the psychiatric expert to medicate Basham "with a potent combination of drugs that rendered him incapable of properly assisting in his own defense";

- conceding in opening statements all indictment allegations against him except his "intent to cause death or serious bodily harm" in connection with the carjacking;

- ignoring Basham's requests to exit the courtroom prior to an altercation between himself and the United States Marshal officers;

- failing to argue to the jury that his post-arrest statements to law enforcement officers were involuntary;

- continuing to represent him when counsel Swerling was hindered by a personal conflict of interest;

- failing to object to the admission of unfairly prejudicial prior act evidence during the guilt phase of his trial;

- failing to request the Court to admit at the penalty phase comments made by the Government at his co-defendant's trial concerning Basham's lesser culpability;

- failing to effectively cross-examine a key witness, to call rebuttal witnesses, and to respond to the Government's argument concerning the witness's testimony;

- failing to effectively examine Sheriff Ronald Hewett, eliciting damaging testimony from Hewett, and failing to mitigate the damaging testimony;

- failing to adequately investigate, develop, and present mitigating evidence at the penalty phase, including evidence of mental retardation and fetal alcohol spectrum disorder;

- failing to assemble a competent capital defense team or failing to supervise the defense team;

- failing to request that the Court trifurcate Basham's trial;

- failing to object to the Government's use of inconsistent theories;

5

- failing to object to the Government's argument regarding a causal nexus between mitigation evidence and the crime;

- failing to object to the Court's instruction regarding mitigation evidence;

- failing to investigate Juror Cynthia Wilson's untruthful statements;

- failing to provide appellate counsel with all files produced during the course of the trial.

Basham alleges that appellate counsel were ineffective for failing to raise claims that:

- he was deprived of an impartial jury because potential jurors with concerns about the death penalty were excluded;

- he was incompetent to stand trial;

- the Government engaged in misconduct by failing to correct allegedly false testimony by Sheriff Hewett;

- prejudicial prior act evidence was admitted during the guilt phase;

- the Government asserted a theory in his case that was inconsistent with the theory asserted in his co-defendant's case;

- the Government engaged in misconduct by arguing the requirement of a causal connection between the mitigation evidence and the crime;

- the Court's instruction to the jury on mitigating evidence violated his Eighth Amendment rights by creating a risk that the jurors would screen out statutory mitigating factors;

- the Court's instructions to the jury violated his Fifth, Sixth, and Eighth

6

Amendment rights because the jury was not required to find beyond a reasonable doubt that the appropriate punishment was death;

- the Government failed to include necessary charges in the Indictment.

In sum, Basham's claims reach nearly every part of his trial. Therefore, a review of counsel's files and records, and interviews with counsel must be broad in scope. Since this is a death penalty case in which the advice counsel gave and the strategic reasons for decisions occurred a number of years ago and over the course of extended pre-trial, trial and sentencing phases, review of the materials pertaining to counsel's representation of Basham and communications and advice passing between Basham and trial counsel in the matter is especially important.

Furthermore, Rule 6 of the Rules Governing Section 2255 Cases specifically authorizes the conducting of discovery by any party, with leave of the district court. Rule 6 contemplates that the court may allow discovery permitted under the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure. Consequently, the Court may order post-conviction discovery requested by the Government, where, as here, such discovery is necessary to a fair and meaningful consideration of defendant's request that his conviction and sentence be vacated.

The United States, therefore, respectfully requests that the Court issue an order finding that Defendant, Brandon Leon Basham, has waived the attorney-client privilege by filing his motion for post-conviction relief pursuant to 28 U.S.C. 2255, and directing Basham's former counsel to disclose to the undersigned counsel a copy of all files and

7

records pertaining to their representation of Basham. The trial counsel for Mr. Basham were Cameron Littlejohn, William Monckton, IV, Jack Swerling and Gregory Harris, and his appellate counsel were Timothy J. Sullivan, Melissa A. Meister, David W. DeBruin, Stephen L. Ascher, Kali N. Bracey, Thomas G. Pulham, Eric R. Haren, and Melissa Cox. The United States further requests that the Court order that Basham's waiver permits his former trial and appellate counsel to discuss their representation of Basham, in order to respond to Basham's claims of ineffectiveness, with the undersigned.[2]

Respectfully submitted,

William N. Nettles
United States Attorney

s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID No. 6460)
Jimmie Ewing (ID No. 7292)
Jeffrey Mikell Johnson (ID No. 10587)
William K. Witherspoon (ID No. 5945)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, South Carolina  29201
(803) 929-3114

February 24, 2012

---

[2]  The Government agrees that all information received by the Government will be used only for purposes related to the current § 2255 litigation.  See United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010).  It will be introduced only if it is relevant to claims in this case.  Furthermore, the Assistant United States Attorneys who receive access to this information will not be involved in subsequent litigation should Basham prevail on his claims.  See Docket Number 1236 at p. 14.