IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 4:02-922-JFA |
| | ) | |
| v. | ) | ORDER TEMPORARILY |
| | ) | STAYING THIS COURT'S |
| BRANDON LEON BASHAM | ) | ORDER DATED APRIL 4, 2012 |
| | ) | |
| _____ | ) | |

This is an action brought by petitioner, Brandon Leon Basham, pursuant to 28 U.S.C. § 2255, challenging his conviction and death sentence arising out of the 2002 abduction and murder of Alice Donovan. Included among the thirty-four claims raised in the motion are various contentions that Basham's trial counsel, Jack Swerling and Greg Harris, were constitutionally ineffective.

In response to the § 2255 motion, the government moved for an order granting access to all of the case-related files of Swerling and Harris. The government also sought permission to interview Swerling and Harris. The petitioner responded and opposed the motion, relying upon the attorney-client and work product privileges.

In an order dated April 4, 2012, this court granted the government's motion, determining that the broad claims of ineffectiveness asserted in this action constitute a complete waiver of the attorney-client and work product privileges and that, in order to properly respond to the motion, the government should be allowed to view all the records possessed by Basham's trial counsel, as well as interview trial counsel.

1

Now before the court is Basham's motion (ECF No. 1498) for an immediate order staying this court's April 4, 2012 order (ECF No. 1496), so that an interlocutory appeal may be taken of the court's decision.

Basham contends that immediate appeal of the order is permitted in this instance by an exception to *Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599 (2009), known as the "*Perlman* Doctrine." *See United States v. Krane*, 625 F.3d 568, 572–73 (9th Cir. 2010).

The court will grant the relief sought by Basham but to a limited extent only. The court will stay its April 4, 2012 order for a period of sixty days. This will allow Basham sufficient time to petition the Fourth Circuit Court of Appeals, on a non-emergency basis, to stay this court's order and consider whether the *Perlman* exception to the bar on interlocutory appeals survives the *Mohawk* decision. The opinion of this court is that the *Perlman* doctrine has been narrowed by *Mohawk* such that it is not applicable in this case.

The Supreme Court's decision in *Mohawk* precludes interlocutory appeals of orders to compel information allegedly protected by the attorney-client privilege, but petitioner argues that immediate appeal of this court's order "is permitted in this instance by the exception to *Mohawk* . . . known as the *Perlman* doctrine." (ECF No. 1498). "[T]he *Perlman* doctrine provides that 'a discovery order directed at a disinterested third party is treated as an immediately appealable final order.'" *United*

*States v. Myers*, 593 F.3d 338, 345 (4th Cir. 2010) (quoting *Church of Scientology of Ca. v. United States*, 506 U.S. 9, 18 n. 11 (1992)). "[T]he Perlman rule applies [] when the privilege holder is powerless to avert the mischief of a district court's discovery order because the materials in question are held by a disinterested third party." *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 239 (6th Cir. 2011) (internal citations and quotations omitted).

The recent Sixth Circuit decision in *Holt-Orsted v. City of Dickson* provides a well-reasoned analysis of the tension between *Mohawk* and *Perlman*. 641 F.3d 230. In *Holt-Orsted*, the plaintiffs in a discrimination suit appealed a United States Magistrate Judge's order compelling the testimony of the plaintiffs' former attorney. After reviewing the applicable law, including the decisions of *Perlman* and *Mohawk* and of other appellate courts who had considered those two cases, the Sixth Circuit determined that while *Perlman* is still a viable doctrine, "[t]he *Mohawk* decision [] appears to have narrowed the scope of the *Perlman* doctrine." *Holt-Orsted*, 641 F.3d at 240. The Sixth Circuit ultimately held that it lacked jurisdiction to hear the plaintiffs' appeal of the order to compel "because plaintiffs [did] not appeal a final judgment under 28 U.S.C. § 1291 and [did] not otherwise qualify for immediate interlocutory review under either the *Perlman* exception or the collateral order doctrine." *Id.*

In support of his contention that the *Perlman* exception applies in this case,

petitioner cites two decisions that discuss *Mohawk* and *Perlman*—the Ninth Circuit case, *United States v. Krane*, 625 F.3d 568 (2010), and a Fourth Circuit case, *United States v. Myers*, 593 F.3d 338 (2010). However, this court finds both of those cases distinguishable from the instant situation. For example, in the *Krane* case, a non-litigant invoked the *Perlman* doctrine, but

> The case before us differs from *Krane* in one key way—[here], the privilege holders[] are parties to the underlying litigation. Although [the attorney] is a disinterested nonparty holding the allegedly privileged materials, and therefore the contempt-citation avenue of review is for all practical purposes foreclosed, plaintiffs, asserting the attorney-client privilege ultimately can avail themselves of a post-judgment appeal which, under *Mohawk*, suffices "to protect the rights of the litigants and preserve the vitality of the attorney-client privilege."

*Holt-Orsted*, 641 F.3d at 240. In the other case cited by petitioner, *Myers*, the Fourth Circuit did not consider whether *Perlman* and *Mohawk* were in tension. In that case, the Fourth Circuit rejected jurisdiction based on the *Perlman* doctrine because the party bringing the appeal was appealing a contempt order resulting from an order to compel rather than the order to compel itself. *Myers*, 593 F.3d at 345. As such, this court believes that the Fourth Circuit has yet to determine whether the *Perlman* doctrine has been narrowed in view of *Mohawk*.

Notwithstanding this court's belief that its April 4 decision is not immediately appealable, out of respect to the Fourth Circuit Court of Appeals (and recognizing that the Fourth Circuit is the ultimate arbiter of whether this issue is appealable), the court will stay its order for a period of sixty days. This court must be mindful of the

4

Fourth Circuit Judicial Council's Order No. 113, issued by the United States Court of Appeals Judicial Council, which imposes a deadline for this court to issue its final decision of no later than 450 days from the date of the filing of a § 2255 action. For this court to issue an indefinite stay and allow this case to follow a traditional appellate route would greatly jeopardize this court's ability to comply with Order 113.[1] This middle ground approach of a sixty-day stay permits the Fourth Circuit to look at this issue on a somewhat accelerated, but not emergency, basis.

Accordingly, this court's April 4, 2012 order (ECF No. 1498) is hereby stayed until June 11, 2012.

IT IS SO ORDERED.

April 10, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] By way of comparison, Basham's co-defendant, Chadrick Fulks, took a similar position when his § 2255 action was pending before this court. This court granted the government's motion to view Fulks's case files and Fulks took an interlocutory appeal to the Fourth Circuit, which denied relief. Fulks then petitioned the United States Supreme Court for certiorari. The Supreme Court stayed this case while *Mohawk* was argued and decided. When *Mohawk* was decided adversely to Fulks, the case was returned to this district for further disposition. By that time, of course, the 450-day deadline to issue a ruling on the § 2255 action had long since expired. Unfortunately, rather than raising the attorney-client issue in the direct appeal of his § 2255 action, as *Mohawk* counseled him to do, Fulks chose not to raise that issue in his appeal which is now pending before the Fourth Circuit Court of Appeals.