IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. No. 4:02-992-JFA |
| v. | |
| BRANDON LEON BASHAM | **ORDER FOR ADDITIONAL BRIEFING** |

In Basham's petition under 28 U.S.C. § 2255, Claim 2 alleges that Basham "was denied the effective assistance of counsel guaranteed by 18 U.S.C. § 3006(A), 18 U.S.C. § 3599, and the Sixth Amendment to the United States Constitution when his trial attorneys failed to prepare for and/or effectively litigate the *Jackson v. Denno* hearing in this case." Pet. at 29, ECF No. 1394. This Claim alleges that there are several arguments regarding the voluntariness of certain statements Basham made following his arrest Basham's trial attorneys could or should have made, but failed to do so.

During the evidentiary hearing on this petition, Basham's § 2255 counsel for the first time raised another argument they allege that Basham's trial attorneys should have made during the *Jackson v. Denno* hearing. In particular, during direct examination of Mr. Jack Swerling, § 2255 counsel suggested that Mr. Swerling or Mr. Harris should have made an argument that certain statements Basham made during the Thanksgiving day search to Sheriff Ronald Hewett when the two walked off alone, away from Mr. Basham's then-attorneys, were taken in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981), and its progeny. *See* Tr. 10/11/12 at 483–92. Although the government objected that Basham failed to mention this argument in his petition, this court overruled the objection.

However, because the above argument was presented for the first time during the evidentiary hearing, the court believes that providing the parties an opportunity to brief the issue

would assist its resolution of this Claim. In particular, the court wishes to receive input on whether Basham's trial counsel rendered ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) by failing to argue that statements Basham allegedly made[1] to Sheriff Hewett outside the presence of counsel during the Thanksgiving Day search were taken in violation of *Edwards*, including whether the record in this case supports an argument that an *Edwards* violation in fact occurred.

The parties' briefs should be filed with this court within fourteen (14) days of the date this order is docketed. No reply briefs are necessary.

IT IS SO ORDERED.

February 6, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] The court notes that the record in this case is not clear regarding both the statements Basham is said to have made to Sheriff Hewett on Thanksgiving Day and the statements Basham now contends that trial counsel should have moved to suppress.