IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | Hon. Joseph F. Anderson, Jr. |
| | ) | United States District Judge |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | CAPITAL CASE |
| | ) | |
| Defendant-Petitioner. | ) | |

**UNOPPOSED MOTION TO HOLD PROCEEDINGS IN ABEYANCE FILED IN RESPONSE TO THE COURT'S OCTOBER 25, 2018 ORDER**

On October 25, 2018, this Court entered an order for the parties to brief the Court as to whether Mr. Basham's Motion to Vacate Conviction under 28 U.S.C. § 2255 is ready to be heard. (ECF No. 1644.) As the Court noted, this case was previously stayed pending a decision from the Supreme Court in *Sessions v. Dimaya* (S. Ct. 15-498). On April 17, 2018, the Supreme Court decided *Dimaya*, holding that the residual clause of 18 U.S.C. § 16(b), which is identical to 18 U.S.C. § 924(c), under which Mr. Basham was convicted, is unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215-16, 1223 (2018).

Although the Supreme Court has decided *Dimaya*, *United States v. Simms*, Case No. 15-4640, remains pending en banc in the Fourth Circuit.[1] *Simms* directly addresses whether, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Dimaya*, § 924(c)'s residual clause is unconstitutionally vague. The Fourth Circuit's decision in *Simms* will directly impact Mr. Basham's case. Accordingly, Mr. Basham respectfully requests this Court continue to hold this case in abeyance, pending a decision from the Fourth Circuit in *Simms*. Following this decision,

---

[1] *United States v. Ali*, Case No. 15-4433, also pending in the Fourth Circuit, has been stayed pending the en banc court's decision in *Simms*.

additional briefing may be necessary to allow the parties to address the cases decided since the initial briefing was filed.

Counsel for Mr. Basham has contacted counsel for Respondent, Bob Daley, who indicated that he did not object to the Court holding the case in abeyance until the Fourth Circuit issues a decision in *Simms*.

Respectfully submitted this 8th day of November, 2018.

Jon M. Sands
Federal Public Defender
Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders

By *s/Leticia Marquez*
Counsel for Defendant-Petitioner

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of November, 2018, I electronically filed the foregoing

Motion to Hold Proceedings in Abeyance in Response to Order for Briefing with the Clerk's Office

by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users

and that service of this document will be accomplished by the CM/ECF system.


/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona