IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 4:02-992-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANDON L. BASHAM | ) | |
| | ) | |

Presently before this Court is the defendant's motion to correct his sentence pursuant to 28 U.S.C. § 2255. This case was previously stayed pending a decision from the United States Supreme Court in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The Supreme Court held in *Dimaya* that the residual clause of 18 U.S.C. § 16(b)'s definition of a crime of violence, as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague in violation of due process. There remains a split of authority in the courts of appeals as to whether *Dimaya's* reasoning renders 18 U.S.C. § 924(c)'s residual clause invalid.

Pending en banc in the Fourth Circuit Court of Appeals is the case of *United States v. Joseph Decore Simms*, No. 15-4640 (argued September 26, 2018). Counsel for the defendant asserts that the Fourth Circuit's decision in *Simms* will directly impact the defendant's case. Therefore, the defendant asks this Court to hold the defendant's motion in abeyance until the Fourth Circuit Court of Appeals issues a decision in *Simms*. The government does not object to a stay of this matter.

For the foregoing reasons, the defendant's motion to stay (ECF No. 1648) is granted.

1

When the Fourth Circuit's opinion is issued in *Simms*, the parties shall be allowed a period

of 28 days after the filing of the mandate to file any supplemental briefs on this issue.

     IT IS SO ORDERED.

November 14, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge