IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 4:02-0992-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANDON BASHAM | ) | |
| | ) | |

Presently before this Court is the defendant's motion to correct his sentence pursuant to 28 U.S.C. § 2255 and in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015).

Several months ago, this court held the defendant's § 2255 motion in abeyance until the Fourth Circuit Court of Appeals issued a decision in *United States v. Joseph Decore Simms*, 914 F.3d 229 (4th Cir. 2019) because such decision might impact whether or not the defendant's Hobbs Act robbery conviction under 18 U.S.C. § 1951(b) qualifies as a "crime of violence." The *Simms* case was decided, en banc, on January 24, 2019, wherein the Court ruled that the residual clause found in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

On February 4, 2019, upon unopposed motion of the government, the Fourth Circuit Court of Appeals entered an order in the *Simms* case staying issuance of the mandate pending a decision by the United States Supreme Court in *United States v. Davis*, 139 S.Ct. 2319. On June 24, 2019, the Supreme Court ruled in *Davis* that the substantial risk of force clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, reaching the same conclusion as the Fourth Circuit in the *Simms* case.

1

This case has been pending for more than two years.  The parties are hereby directed to file any supplemental briefs relating to the *Davis* and *Simms* case no later than August 6, 2019.  No further extensions will be granted to either party to respond and no replies to either parties' submission will be necessary.

IT IS SO ORDERED.

July 23, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge