**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | Hon. Joseph F. Anderson, Jr. |
| | ) | United States District Judge |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | **CAPITAL CASE** |
| | ) | |
| Defendant-Petitioner. | ) | |

**PETITIONER'S (BASHAM'S) SUPPLEMENTAL BRIEF IN SUPPORT OF
RELIEF PURSUANT TO 28 U.S.C § 2255 REGARDING THE IMPACT OF
_UNITED STATES V. DAVIS_ ON THIS CASE**

On July 23, 2019, this Court entered an order for the parties to brief the Court as to

the impact of _United States v. Davis_, 139 S. Ct. 2319 (2019), and _United States v. Simms_,

914 F.3d 229 (4th Cir. 2019) (en banc), on this case. ECF No. 1655. As discussed below,

and in his § 2255 Motion, ECF No. 1616[1], Mr. Basham's convictions under 18 U.S.C. §§

924(o) (Count Five)[2] and 924(c) (Count Six) must be vacated in light of the Supreme

Court's recent decision in _Davis_, and Mr. Basham must be resentenced on all remaining

counts of conviction.

---

[1] Mr. Basham incorporates the arguments made in his motion for post-conviction relief
pursuant to § 2255, ECF No. 1616, herein by reference.

[2] Mr. Basham did not include his conviction under § 924(o) in his initial § 2255 motion.
However, for the reasons stated herein, the Supreme Court's decision in _Davis_ and the
Fourth Circuit's decision in _Simms_, render Mr. Basham's conviction under § 924(o) (Count
Five) invalid and his conviction as to that count should also be overturned.

1

## INTRODUCTION

In *United States v. Davis*, the Supreme Court of the United States confirmed that, as Mr. Basham argued in his § 2255 motion, the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague. 139 S. Ct. at 2336; ECF No. 1616 at 6–15. The Court's decision in *Davis* is a substantive constitutional decision and applies retroactively.[3] *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the materially indistinguishable residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), "announced a substantive rule that has retroactive effect in cases on collateral review"); *In re Hammoud*, 931F.3d 1032, 1038 (11th Cir. 2019) ("We conclude that *Davis*, like *Johnson* before it, announced a new substantive rule."). Further, the Fifth and Tenth Circuit Courts of Appeals recently also embraced the holding in *Davis* and found it met the standard to apply retroactively. *See United States v. Reece*, --- F.3d ---, 2019 WL 4252238 *3 (5th Cir. Sept. 9, 2019); *United States v. Bowen*, 2019 WL 4146452 *4 (10th Cir. Sept. 3, 2019). The United States Supreme Court through its holdings in *Johnson*, *Dimaya* and *Simms*, dictates a reversal of the relevant convictions in this case.

---

[3] Mr. Basham's § 2255 motion remains timely under 28 U.S.C. § 2255(f)(3). Even if this Court were to agree with the Government's argument in its motion to dismiss that Mr. Basham's initial motion was premature when initially filed, *see* ECF No. 1627 at 3–12, the Supreme Court's decision in *Davis* explicitly invalidated the residual clause of § 924(c). Thus, there is no longer any question as to whether Mr. Basham's claim for relief is ripe. Furthermore, for the reasons stated in Mr. Basham's response to the Government's motion to dismiss, the statute of limitations cannot bar § 2255 relief in this case because Mr. Basham is actually innocent of the § 924(c) and § 924(o) convictions and the district court did not have jurisdiction over the indictments. *See* ECF No. 1634 at 6–8.

Accordingly, Mr. Basham's convictions on Counts Five and Six of his superseding indictment, ECF No. 73 at 10–11, must be vacated and Mr. Basham must be resentenced on all remaining counts, including the capital counts. *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017); *Johnson v. Mississippi*, 486 U.S. 578, 586 (1988); *Hurst v. Florida*, 136 S. Ct. 616, 619, 624 (2016).

## STATEMENT OF FACTS

On September 30, 2004, Mr. Basham was convicted of eight counts, including carjacking resulting in death, in violation of 18 U.S.C. § 2119 (Count One); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count Two); interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312 (Count Three); conspiracy, in violation of 18 U.S.C. § 371 (Count Four); conspiracy to use and carry firearms in relation to and to possess firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count Five); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Six); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven); and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Eight). ECF No. 766. Counts Five and Six both alleged carjacking resulting in death and kidnapping resulting in death (Counts One and Two) as the underlying "crimes of violence." ECF No. 73 at 10–11. On December 20, 2004, Mr. Basham was sentenced to death on Counts One and Two, and to a total of 660 months on the remaining counts, including 240 months on Count Five, and 84 months on Count Six. ECF No. 853.

On June 17, 2016, the Fourth Circuit granted Mr. Basham permission to file a second or successive § 2255 motion, based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 1615. The Government filed a motion to dismiss on August 9, 2016. ECF No. 1627. Mr. Basham filed a response in opposition to the Government's motion on August 30, 2016. ECF No. 1631. This Court then ordered the case to be stayed, pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and again pending decisions from the Fourth Circuit in *Simms* and the Supreme Court in *Davis*. ECF Nos. 1640, 1650, 1653. The Supreme Court decided *Davis* on June 24, 2019, and the Fourth Circuit's mandate in *Simms* issued on July 22, 2019. Mandate, *United States v. Simms*, No. 15-4640 (4th Cir. July 22, 2019). This Court ordered supplemental briefing the following day.

For the reasons stated below, following the Supreme Court's decision in *Davis* and the Fourth Circuit's decision in *Simms*, Mr. Basham's convictions under §§ 924(c) and 924(o) cannot be sustained.

## ARGUMENT

**I.    The Residual Clause of 18 U.S.C. § 924(c)(3) is Void under the Supreme Court's decision in *United States v. Davis***

The relevant portion of § 924(c)(3) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause.  The other – § 924(c)(3)(B) – is commonly referred to as the residual clause. In *Davis*, the Supreme Court considered whether the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague, and ultimately determined that it is.

The Court noted that in recent years it had found two statutes that "bear more than a passing resemblance" to § 924(c)(3)(B) to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-26 (citing *Johnson*, 135 S. Ct. 2551 (2015), and *Dimaya*, 138 S. Ct. 1204 (2019)). The Court noted that in both cases it found that the "ordinary case" analysis required by the statute "produced 'more unpredictability and arbitrariness' . . . than the Constitution allows." *Id.* at 2326 (quoting *Johnson*, 135 S. Ct. at 2558–59). In *Davis*, the Government advocated that the Court abandon the categorical approach and instead adopt a case-specific method. The Court rejected this approach, finding "the statutory text commands the categorical approach." 139 S. Ct. at 2328; *see also id.* at 2329 (noting that the Court had previously determined that § 16(b) required the categorical approach and "we normally presume that the same language in related statutes carries a consistent meaning"). Because the Court determined that the categorical approach was required by the statute, and suffered from the same infirmities as it did in *Johnson* and *Dimaya*, the Court determined that the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

The Supreme Court's decision in *Davis* is a substantive constitutional decision and is retroactive on collateral review. Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch*, 136 S. Ct. at 1264. As the Solicitor General has already conceded, *Davis* is retroactive on collateral review because it is substantive. *See* Brief for the United States at 52, *United States v. Davis*, 139 S. Ct. 2319  (Feb. 12, 2019) (No. 18-431) ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical

approach—and thus is unconstitutionally vague—would be a retroactive substantive rule applicable on collateral review." (citing *Welch,* 136 S. Ct. at 1264)).

The Solicitor General is correct. A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Welch,* 136 S. Ct. at 1264–65. This includes "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (citation omitted). For example, in *Welch*, the Supreme Court found that *Johnson*, 135 S. Ct. 2551 (2015), was retroactive because it altered the punishment for a class of people once subject to the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) who could no longer be classified as such based on the statute's now invalid residual clause. *Id*. This reasoning applies with even more force here. *Davis* not only alters sentences but renders innocent a class of people once subject to § 924(c) liability based on predicate offenses that solely fell within the § 924(c) residual clause. *Davis* thereby alters the range of conduct and class of persons that can be punished under § 924(c). The Eleventh Circuit recently agreed, finding that "*Davis*, like *Johnson* before it, announced a new substantive rule." *In re Hammoud*, 931F.3d at 1038; *see also Reece*, --- F.3d ---, 2019 WL 4252238 *3 (5th Cir. Sept. 9, 2019); *Bowen*, 2019 WL 4146452 *4 (10th Cir. Sept. 3, 2019).

## II.    *Davis* Requires that Mr. Basham's Convictions on Counts Five and Six Be Vacated

Under the Supreme Court's decision *Davis*, Mr. Basham's convictions on Counts Five and Six cannot be sustained. This Court must therefore vacate the convictions and Mr. Basham must be resentenced on all counts.

A.     **Kidnapping under 18 U.S.C. § 1201 Does Not Qualify as a Crime of Violence**

Because the residual clause of § 924(c)(3)(B) is void, in order for a conviction under § 924(c) to stand, the predicate offense must qualify as a crime of violence under the force clause of § 924(c)(3)(A). Here too, the Court must use a categorical approach, looking "only to the statutory definitions – i.e., the elements" of the underlying offense. *Descamps v. United States*, 570 U.S. 254, 260 (2013). The predicate offense only qualifies as a "crime of violence" if all conduct covered by the statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

As Mr. Basham argued in his § 2255 motion, kidnapping under § 1201 does not qualify as a crime of violence because the offense can be committed through non-forceful means. ECF No. 1616 at 26-31; *see also United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). Federal kidnapping does not categorically require violent force because it may be accomplished through non-physical means, such as by "inveigling" or "decoying." 18 U.S.C. § 1201(a); *See also United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983); *United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000). Similarly, the Supreme Court has recognized that the requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force. *Chatwin v. United States*, 326 U.S. 455, 460 (1946); *see also* ECF No. 1616 at 28–29.

Nor does the analysis change where, as here, the conviction is for "kidnapping resulting in death." The statute contains no requirement that the death result from the use

of any physical force, nor does it even require that it be the actual victim of the kidnapping whose death results. *See* 18 U.S.C. § 1201(a) (stating that "if the death of *any* person results," the offense "shall be punished by death or life imprisonment" (emphasis added)). Furthermore, the "resulting in death" element can be satisfied without a knowing and intentional mens rea, a necessary requirement under the § 924(c) force clause. This is consistent with courts' interpretation of the phrase "death results" under analogous statutes. *See, e.g.*, *United States v. Woodlee*, 136 F.3d 1399 (10th Cir. 1998) ("death results" in 18 U.S.C. § 245(b) (violent interference with enjoyment of a public facility based on race) does not require an intent to kill); *United States v. Piche*, 981 F.2d 706, 711 (4th Cir. 1992) ("death results" element in 21 U.S.C. § 241 (conspiracy to injure, oppress, or threaten) does not have intentional mens rea); *United States v. Schwanke*, 598 F.2d 575, 579 (10th Cir. 1979) ("if death results" under 18 U.S.C. § 844(i) (arson) analogized to felony murder); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("No matter how you slice it, 'if death results' does not mean 'if death was intended'" under 18 U.S.C. § 242 (deprivation of rights under color of law)). Because kidnapping resulting in death under § 1201(a) allows for conviction based on an unintentional and even unknowing result, it falls outside of the force clause.

Furthermore, the Government has conceded in other cases that kidnapping pursuant to § 1201(a) is not a crime of violence because it does not "categorically require[] the use, attempted use, or threatened use of physical force under § 924(c)(3)(A)." Government's Position Statement in Light of *United States v. Davis*, *United States v. Jenkins/Jackson*, No. 15-3693 (7th Cir. July 24, 2019) at 3 (citing *United States v. Jenkins*, 849 F.3d 390,

393 (7th Cir. 2017)). Other circuits have similarly found that kidnapping is not categorically a crime of violence under § 924(c)(3)(A). *See United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018) ("The parties concede and we agree that kidnapping under § 1201(a), Mr. Hopper's predicate crime of violence, does not fit within the elements clause because it can be committed by 'inveigling,'" which does not involve force."); c*f. Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) (noting that the federal kidnapping statute "has no force requirement").

### B.    Carjacking under 18 U.S.C. § 2119 Should Not Qualify as a Crime of Violence under § 924(c)

The Fourth Circuit has held that carjacking under 18 U.S.C. § 2119 qualifies as a crime of violence under the force clause of § 924(c). *See United States v. Evans*, 848 F.3d 242, 246 (4th Cir. 2017) (finding that "the term 'intimidation,' as used in the statutory phrase 'by force and violence or by intimidation,' denotes a threat to use violent force"). Several other circuits have similarly held that carjacking qualifies as a crime of violence under the force clause § 924(c)(3)(A). *See United States v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018); *United States v. Jones*, 854 F.3d 737 (5th Cir. 2017); *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019); *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2018); *United States v. Kundo*, 743 F. App'x 201 (10th Cir. 2018); *Ovalles v. United States*, 905 F.3d 1300 (11th Cir. 2018). For the reasons stated in his § 2255 motion, Mr. Basham nonetheless maintains that carjacking is not properly considered a crime of violence under § 924(c)(3)(A). ECF No. 1616 at 17-26; *cf. Rehaif v. United States*, 139 S. Ct. 2191, 2210 & n.6 (2019) (Alito, J., dissenting) (noting that the Supreme Court found a mens rea

9

requirement in the statute at issue, despite the fact that every court of appeals to address the question had come to the opposite conclusion).

**C.    If Either Kidnapping or Carjacking Does Not Qualify as a Crime of Violence under § 924(c)(3)(A), Mr. Basham's Convictions Under §§ 924(c) and 924(o) Cannot Be Sustained**

In the Superseding Indictment, Counts Five and Six alleged conspiracy to use a firearm and use of a firearm in furtherance of crimes of violence "as charged in Counts One and Two of this Superseding Indictment." ECF No. 73 at 9, 10. The jury's verdict, however, did not specify whether it found use of a firearm in furtherance of Count One, Count Two, or both. ECF No. 766 at 2. Nor did the court instruct jurors that they must be unanimous as to which predicate offense they found. Tr. 9/29/04 at 207–210, 221–23. Thus, it is impossible to know whether jurors were unanimous as to their finding of one or both predicate offenses, or whether, for example, six jurors found one predicate offense and six found the other.

The Fourth Circuit has made clear in similar contexts that where two offenses are alleged conjunctively, the court can assume the defendant was convicted only of "the least serious of the disjunctive statutory conduct," unless there is conclusive proof to establish otherwise. *United States v. Chapman*, 666 F.3d 220, 227–28 (4th Cir. 2012) (en banc). Similarly, "a defendant convicted under a conjunctively charged indictment cannot be sentenced—in the absence of a special verdict identifying the factual bases for conviction—to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct." *United States v. Vann*, 660 F.3d 771, 774

10

(4th Cir. 2011) (en banc). Thus, in this circumstance, if the "least serious" of the predicate offenses categorically fails to satisfy the § 924(c) "crime of violence" definition under the force clause, then the conviction cannot be sustained.

Here, there is no basis on which to conclusively determine on which predicate offense jurors based their verdict. As discussed above, neither the indictment nor the verdict form differentiates between the two predicate offenses, and jurors were never instructed that they had to be unanimous as to the predicate offense on which they based their verdict. Under these circumstances, if this court finds that *either* carjacking resulting in death *or* kidnapping resulting in death is not categorically a crime of violence, then Mr. Basham's convictions on Counts Five and Six must be overturned.

D.    *Davis* **Also Invalidated Mr. Basham's Conviction for Conspiracy to Use and Carry Firearms in Furtherance of a Crime of Violence under § 924(o) (Count Five)**

Mr. Basham's conviction under § 924(o) (Count Five) rests on the proposition that he and Chad Fulks conspired to possess a firearm in furtherance of a crime of violence. In other words, Mr. Basham was convicted of conspiracy to violate § 924(c). *See* Tr. 9/29/04 at 221 (during instructions on Count Five, trial judge instructed jurors on § 924(c)). As with Mr. Basham's conviction under § 924(c), the indictment alleged conspiracy to use a firearm in furtherance of "crimes of violence…as charged in Counts One and Two of this Superseding Indictment." ECF No. 73 at 10. The jury's verdict, however, did not specify whether they based their verdict on the offenses alleged in Count One, Count Two, or both. ECF No. 766 at 2. Because the residual clause of § 924(c)(3)(B) is unconstitutionally

11

vague, and at least kidnapping cannot satisfy the force clause of § 924(c)(3)(A), Mr. Basham was effectively convicted of conspiring to commit conduct that is no longer proscribed by the law. *See Davis*, 139 S. Ct. at 2323 ("In our constitutional order, a vague law is no law at all."); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) ("Conspiracy requires an agreement—and in particular an agreement to do an *unlawful* act—between or among two or more separate persons." (emphasis added)); *cf. Simms*, 914 F.3d at 233-34 (because conspiracy requires the government to "prove only that the defendant agreed with another to commit actions, that, if realized, would violate [the law]," such an agreement "does not invariably require the actual, attempted, or threatened use of physical force").

The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a). *See Davis*, 417 U.S. at 346–47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); see also *United States v. Adams*, 814 F.3d 178, 183-84 (4th Cir. 2016) (finding petitioner legally and factually innocent of felon in possession conviction under 18 U.S.C. §922(g), where prior convictions were later held not to be felonies). Accordingly, Mr. Basham's conviction under § 924(o) (Count Five) should be vacated.

## III.   Mr. Basham's *Johnson/Davis* claim is cognizable and timely.

Since the filing his § 2255 request for relief pursuant to *Johnson*, the Supreme Court has reinforced Mr. Basham's argument that he was unconstitutionally convicted and

sentenced to death in *Dimaya, Simms* and *Davis*. Mr. Basham relied on a new rule, established by the Supreme Court in *Johnson* (*see* 28 U.S.C. § 2255(h)(2)), and since then his argument has only been strengthened by subsequent Supreme Court decisions, which were then adopted by other circuits. These Supreme Court cases leave the government no room to argue any distinction that would rob Mr. Basham of relief.

## IV.    Mr. Basham is Entitled to a New Sentencing on the Remaining Counts

Several courts and the government have recognized that where a conviction on one or more counts is vacated, a petitioner is entitled to resentencing on any remaining counts. *See, e.g.*, *Davis*, 139 S. Ct. at 2336 (noting that the government "conceded that, if § 924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing"); Government's Position Statement in Light of *United States v. Davis*, *United States v. Jenkins/Jackson*, No. 15-3693 (7th Cir. July 24, 2019) at 3 ("The proper remedy after vacating the § 924(c) convictions is to remand for resentencing[.]"); *Dean*, 137 S. Ct. at 1176 (recognizing "sentencing package cases" in which "the Government routinely argues that an appellate court should vacate the entire sentence" based on the theory that "the district court may have relied on a now-vacated conviction when imposing sentences for the other counts").

Even if this Court determines that Mr. Basham's sentences on Counts Five and Six can simply be overturned, Mr. Basham still must be resentenced on the capital counts. The Fourth Circuit has held that in order to uphold a sentence, "the district judge must be able to say either from recollection or reconstruction that had he known at the time of sentencing that the earlier convictions were invalid, he would have nevertheless imposed the same

13

sentence." *Wren v. United States*, 540 F.2d 643, 644 (4th Cir. 1975). Where sentencing was done by a jury, as in the case of Counts One and Two, there is no way to know with certainty that, absent the invalid convictions, jurors would have imposed the same sentence.

The record in this case shows at least a reasonable likelihood that jurors relied in part on the unconstitutional convictions in Counts Five and Six in their decision to sentence Mr. Basham to death. In closing argument, the prosecutor urged jurors to find the statutory aggravating factors existed, and thereafter sentence Mr. Basham to death, based only on the evidence and convictions from the guilt phase. Tr. 11/1/04 at 53. What's more, in instructing jurors on the § 924(c) charge, the court told jurors unequivocally that both carjacking resulting in death and kidnapping resulting in death "are crimes of violence." Tr. 9/29/04 at 208. The court's statement to jurors that the offenses on which the government sought the death penalty unequivocally constituted "crimes of violence" may have influenced at least one juror to vote for death.

In *Johnson v. Mississippi*, the Supreme Court invalidated the petitioner's death sentence where the prosecutor urged the jury to give weight to an invalid conviction in determining whether death was the appropriate punishment. 486 U.S. 578, 586 (1988). Importantly, the Court noted that "[e]ven without that express argument [by the prosecutor], there would be a possibility that the jury's belief that petitioner had been convicted of a prior felony would be 'decisive' in the 'choice between a life sentence and a death sentence." *Johnson*, 486 U.S. at 586.

Under the circumstances in this case, it is not possible for this Court to find "with certainty" that Mr. Basham's invalid § 924(c) and § 924(o) convictions did not influence

14

the jury's decision to impose a death sentence. *Strader v. Troy*, 571 F.2d 1263, 1267 (4th Cir. 1978). Because the Court cannot say with certainty that the invalid conviction on Counts Five and Six did not influence the jury's sentencing verdict on the capital counts, the Court should order that Mr. Basham be resentenced by a jury. As the Supreme Court recently made clear in *Hurst v. Florida*, the Sixth Amendment requires that a jury, and not the court, determine whether a defendant should be sentenced to death. 136 S. Ct. 616, 619, 624 (2016). Accordingly, this Court should vacate Mr. Basham's sentences on both the capital and non-capital counts and order that he be resentenced.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Mr. Basham's § 2255 motion and response to the Government's motion to dismiss, ECF Nos. 1616, 1634, Mr. Basham requests that this Court vacate his convictions on Counts Five and Six of the Superseding Indictment and order that Mr. Basham be resentenced on all remaining capital and non-capital convictions.

Respectfully submitted this 1st day of October, 2019.

> Jon M. Sands
> Federal Public Defender
> Leticia Marquez
> Lindsey Layer
> Assistant Federal Public Defenders
>
> By *s/Leticia Marquez*_____
> Counsel for Defendant-Petitioner

15

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2019, I electronically filed the foregoing Supplemental Brief regarding the impact of *United States v. Davis* with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the CM/ECF system.


/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona