**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | Hon. Joseph F. Anderson, Jr. |
| | ) | United States District Judge |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | **CAPITAL CASE** |
| | ) | |
| Defendant-Petitioner. | ) | |

**PETITIONER'S (Basham's) RESPONSE TO RESPONDENT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**


JON M. SANDS
Federal Public Defender

Leticia Marquez
Lindsay Layer
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, Arizona  85701
Tel: (520) 879-7622
Leticia_Marquez@fd.org
Lindsey_Layer@fd.org


*Attorneys for Petitioner*

1

**TABLE OF CONTENTS**

Introduction ...................................................................................................................... 2

Procedural/Relevant history ............................................................................................. 2

Arguments ........................................................................................................................ 5

    Legal background........................................................................................................ 5

    Mr. Basham's § 924(c) and § 924 (o) convictions not supported by the force clause of § 924(c), nor should this Court rely on the carjacking conviction to cure the constitutional infirmity of his firearm convictions .......................................................... 7

    Because Mr. Basham's § 924(c) and § 924(o) convictions are constitutionally invalid, Mr. Basham's death sentences cannot stand and he is entitled to a new capital sentencing ..................................................................................................................... 9

    Mr. Basham's *Johnson/Davis* claim is not procedurally barred.................................... 11

Conclusion ..................................................................................................................... 11

Certificate of Service ..................................................................................................... 13

i

### Introduction

In *United States v. Davis*, the Supreme Court of the United States confirmed that, as Mr. Basham argued in his § 2255 motion, the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019); ECF No. 1616 at 6–15. Although the government initially challenged the applicability of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to the residual clause, it now concedes § 924 (c) is invalid as unconstitutionally vague. ECF No. 1668 at 1. The government further concedes that Mr. Basham's § 2255 motion is timely before this Court. *Id*.

Despite these concessions, the government newly argues the following:  First, that both the carjacking and kidnapping resulting in death convictions constitute crimes of violence under the force clause of § 924(c)(3)(A), despite *Davis*. Second, even if kidnapping no longer qualifies as a crime of violence predicate for § 924(c), the carjacking must also be proved not to be a crime of violence before Mr. Basham can succeed. Finally, even if this Court were to find that Mr. Basham's § 924(c) conviction was void pursuant to *Davis*, this court should vacate only the sentence for those counts and leave the death sentences in place.

Mr. Basham must be resentenced on all remaining counts, including the capital counts. *See Dean v. United States*, 137 S. Ct. 1170, 1176 (2017); *Johnson v. Mississippi*, 486 U.S. 578, 586 (1988); *Hurst v. Florida*, 136 S. Ct. 616, 619, 624 (2016).

### Procedural/Relevant history

On September 30, 2004, Mr. Basham was convicted of eight counts, including carjacking resulting in death (Count One), kidnapping resulting in death (Count Two) and

possession of a firearm in furtherance of those crimes (Count Six).  *See United States v. Basham*, 561 F.3d 302, 314-15 (4th Cir. 2009). Mr. Basham was also convicted of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312 (Count three); conspiracy, in violation of 18 U.S.C. § 371 (Count Four); conspiracy, in violation of 18 U.S.C. § 924(o) (Count Five); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven); and possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (Count Eight). Mr. Basham was sentenced to death by lethal injection on Counts One and Two, and to various terms totaling 744 consecutive months on the remaining counts, including 240 months on Count Five, conspiracy to use and carry firearms in relation to and to possess firearms in furtherance of a "crime of violence" under 18 U.S.C. § 924(o), and 84 months on Count 6, using, carrying, and possessing a firearm during or in relation to a "crime of violence" under § 924(c). *See Basham*, 561 F.3d at 316. On February 15, 2005, Mr. Basham filed a notice of appeal to the Fourth Circuit Court of Appeals and that Court affirmed Mr. Basham's convictions and sentences. *Id.* at 339. The United States Supreme Court denied Mr.  Basham's subsequent petition for writ of certiorari on June 1, 2010. *Basham v. United States*, 560 U.S. 938 (2010).

On June 1, 2011, Mr. Basham timely filed his first 28 U.S.C. § 2255 motion. In that motion, Mr. Basham raised 34 claims for relief. On June 5, 2013, the district court denied Mr. Basham's § 2255 motion. The Fourth Circuit affirmed the district court's order denying relief on June 15, 2015. *United States v. Basham*, 789 F.3d 358 (4th Cir. 2015). Mr. Basham's petition for certiorari to the Supreme Court was denied on March 21, 2016. *Basham v. United States*, 136 S. Ct. 1449 (2016).

3

On June 17, 2016, the Fourth Circuit granted Mr. Basham's request to file a successive § 2255 motion, based on the Supreme Court's decision in *Johnson*. ECF No. 1615. In that motion, Mr. Basham argued that his 18 U.S.C. § 924(c) and § 924(o) convictions should be vacated because *Johnson* invalidated the statute's "residual clause" and furthermore, his convictions cannot be upheld under the "force clause," so he should be resentenced.

The government filed a motion to dismiss the successor and Mr. Basham filed a response in opposition to the government's motion. ECF Nos. 1627 and 1634. This Court then ordered the case to be stayed pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and again pending decisions from the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) and the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). ECF Nos. 1640, 1650, 1653. The Supreme Court issued its opinion in *Davis* on June 24, 2019, and the Fourth Circuit's mandate issued in *Simms* on July 22, 2019. (Mandate, *United States v. Simms*, No. 15-4640 (4th Cir. July 22, 2019)). The Supreme Court in *Davis* followed its reasoning in *Johnson* and concluded, as did the Fourth Circuit, that § 924(c)'s residual clause is unconstitutionally vague and therefore void. This Court ordered supplemental briefing the following day.

Mr. Basham filed supplemental briefing on the impact of *Davis* on October 1, 2019, ECF No. 1669, as did the government, ECF Nos. 1667, 1668. However, in its supplemental briefing, the government changed course and raised new arguments before this Court. Mr. Basham filed an unopposed request to respond to these new arguments, which was granted. ECF Nos. 1671, 1673. This response addresses these new arguments.

4

**Arguments**

**Legal background**

When deciding whether an offense qualifies as a "crime of violence" under the "force" clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 570 U.S. 254, 260 (2013)[1]; *United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 570 U.S. at 260 (citation omitted); *Royal*, 731 F.3d at 341-42. In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by the statute – "including the most innocent conduct" – matches or is narrower than the "crime of violence" definition. *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, for an offense to qualify as a "crime of violence" under the "force" clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. 18 U.S.C. § 924(c)(3)(A). And "physical force" means violent force – that is "strong physical force," which is "capable of causing physical

---

[1] Although *Descamps* involved the categorical approach as applied to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c). *See United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

The relevant portion of § 924(c)(3) defining a "crime of violence" has two clauses. The first clause, § 924(c)(3)(A),  which states a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," is commonly referred to as the force clause.  The other clause, § 924(c)(3)(B), known as the residual clause defines a crime of violence as a felony which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Davis*, the Supreme Court considered whether the residual clause is unconstitutionally vague, and ultimately determined that it is. The Court noted that in recent years it had found two statutes that "bear more than a passing resemblance" to § 924(c)(3)(B) to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2325–26 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2019)). The Court noted that in both cases it found that the "ordinary case" analysis required by the statute "produced 'more unpredictability and arbitrariness' . . . than the Constitution allows." *Id.* at 2326 (quoting *Johnson*, 135 S. Ct. at 2558–59). In *Davis*, the government advocated that the Court abandon the categorical approach and instead adopt a case-specific method. The Court rejected this approach, finding "the statutory text commands the categorical approach." 139 S. Ct. at 2328; *see also id.* at 2329. Because the Court determined that the categorical approach was required by the statute, and suffered from the

6

same infirmities as it did in *Johnson* and *Dimaya*, it determined that the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

**Mr. Basham's § 924(c) and § 924 (o) convictions not supported by the force clause of § 924(c), nor should this Court rely on the carjacking conviction to cure the constitutional infirmity of his firearm convictions**

Kidnapping under 18 U.S.C. § 1201 does not qualify as a crime of violence because it can be committed through non-forceful means. *See Fuertes*, 805 F.3d at 498; *see also United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983); *United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) In other words, federal kidnapping does not categorically require physical force. *Chatwin v. United States*, 326 U.S. 455, 460 (1946). Contrary to the government's arguments this analysis does not change when the kidnapping results in death. Furthermore, the "resulting in death" element can be satisfied without a knowing and intentional mens rea, a necessary requirement under the § 924(c) force clause. This is consistent with the Fourth Circuit's interpretation of the phrase "death results" under an analogous statute. *United States v. Piche*, 981 F.2d 706, 711 (4th Cir. 1992) ("death results" element in 21 U.S.C. § 241 (conspiracy to injure, oppress, or threaten) does not have intentional mens rea).[2]

---

[2] *See also United States v. Woodlee*, 136 F.3d 1399 (10th Cir. 1998) ("death results" in 18 U.S.C. § 245(b) (violent interference with enjoyment of a public facility based on race) does not require an intent to kill); *United States v. Schwanke*, 598 F.2d 575, 579 (10th Cir. 1979) ("if death results" under 18 U.S.C. § 844(i) (arson) analogized to felony murder); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("No matter how you slice it, 'if death results' does not mean 'if death was intended'" under 18 U.S.C. § 242 (deprivation of rights under color of law)).

Furthermore, kidnapping does not qualify as a crime of violence as it has no mens rea requirement and does not require the knowing or intentional use of force. The force clause requires "a higher mens rea than [] merely accidental or negligent conduct" and must be intentionally applied. *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004). The Fourth Circuit found in *United States v. Battle*, 927 F.3d 160, 166 (4th Cir. 2019), that "the requisite mens rea is crucial in the force analysis" and has repeatedly found that the force clause requires a higher degree of mens rea than recklessness or negligence.

The government attempts a work-around the well-settled law defining the kidnapping statute by arguing for a new "kidnapping resulting in death statute" which, according to the government would fall under the force clause of § 924(c). However, Fourth Circuit precedent established that "a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012) (overruled on other grounds); see also *Battle*, 927 F.3d at 166.

The government argues that regardless of the unconstitutionality of Mr. Basham's kidnaping conviction, this court should substitute the kidnapping conviction for the carjacking conviction as the predicate felony. The carjacking and kidnapping statutes are two separate statutes. It is unclear which formed the basis of the predicate felony for § 924 and the factfinder need not agree on this. Because only one of these offenses is necessary for the conviction, it must be presumed that the less serious of the two elements – the kidnapping count – was the basis for the "crime of violence" element of the §§ 924 (c) and (o) convictions.

8

**Because Mr. Basham's § 924(c) and § 924(o) convictions are constitutionally invalid, Mr. Basham's death sentences cannot stand and he is entitled to a new capital sentencing**

The government attempts to parse out the gun convictions and the underlying facts claiming, that "[t]here is no question that evidence supporting the [gun] conviction(s) had no spillover effect on . . . the death penalty on Counts 1 and 2." ECF No. 1668 at 43. However the record belies this claim. While the government sets forth in its motion to dismiss instances wherein either the Court or the prosecution attempts to keep the jury focused on only the death counts, the spillover is evident throughout the penalty phase.

At the onset of the penalty sentencing hearing the Court explained to the jury that Mr. Basham's penalty is to be determined by the witnesses and exhibits received in the penalty phase of the trial. However, the Court then goes on to define evidence as also "*all of the evidence* and exhibits that were received into evidence *during the guilt phase* of this trial that you heard." Vol. XV at 19. Emphasis added.

During closing argument, in urging the jury to find the threshold intent factor to support a death sentence, the prosecutor told the jury to consider the gun convictions:

> I submit on the testimony and evidence you have heard, and *based on the verdicts you have found*, three and four are no-brainers. No-brainers. Look at number four. The defendant intentionally and specifically engaged in an act of violence. Ladies and gentlemen, *you have convicted Brandon Basham* and, he has admitted in statements that he knowingly engaged in the act *of kidnapping and the act of carjacking armed with a deadly weapon*, knowing that the act created a grave risk of death to a person, being Alice Donovan.

Vol. XXIX at 53. Emphasis added. The prosecutor continued:

> Ladies and gentlemen, anytime you rob somebody, or carjack somebody, or kidnap somebody *at gunpoint . . . that is creating grave risk*. By definition, armed carjacking, armed kidnapping is a risk of death to any citizen in this

9

state. By his admissions, *by your verdict, by your conviction* of Brandon Basham, you have found intent level four. . . .

*Id*. at 53–54. The prosecutor further hammered home:

So, *by your convictions*, by his admissions, and by common sense, number four is present. . . . *Id*. at 54.

And just in case there was any doubt, the prosecutor stated that "[t]he gun provides lethal force." *Id.*

During this same closing argument the prosecutor described Mr. Basham's "general character of violence" by asserting:

Think about all of the – First of all, he armed himself with a gun. He was armed with a gun the entire time. That is the testimony. . . . He is the one who continuously had himself a gun.

*Id*. at 60. The prosecutor mentioned guns, gunpoint or being armed at least 20 times between the closing argument and the reply closing argument. *Id*. at 37–90, 164–60. All this was bookended by the Court's final instruction that "[t]he evidence [the jury] may consider includes *all evidence* received during *both the guilt* and the penalty phase of [the] trial." *Id*. at 195.

The government asserts that "the <u>facts</u> supporting the § 924 convictions did not taint the jury's death sentences." ECF No. 1668 at 43. However, it defies common sense that given the arguments made by the prosecutor and the instructions by the Court that the jury did not consider the gun convictions, and all the facts supporting that conviction in deciding death for Mr. Basham, especially since the prosecutor and the Court urged the jury to do so.

10

Because the government relied extensively on the firearms offenses at the penalty phase, there is a high possibility that the jury considered the facts supporting the firearms convictions and as such Mr. Basham should be resentenced. *See James v. United States*, 476 F.2d 936, 937 (8th Cir. 1973). Mr. Basham is entitled to a new capital hearing free of the taint of the constitutionally invalid § 924(c) and § 924(o) convictions.

**Mr. Basham's *Johnson/Davis* claim is not procedurally barred**

In a lengthy footnote the government asserts that Mr. Basham's *Davis* claim is procedurally defaulted "by failing to raise a vagueness objection to his § 924(c) conviction at sentencing and on direct appeal." ECF No. 1668 at 45 n. 11. However, the Fourth Circuit had previously rejected the argument that faults Mr. Basham failing to raise an unavailable argument and failing to foresee this "change in law." *United States v. Bennerman*, No. 17-6544, 2019 WL 4200974, at *4–5 (4th Cir. Sept. 5, 2019); *see also United States v. Douglas*, No. 3:13CR114-HEH, 2019 WL 4647256, at *3–5 (E.D. Va. Sept. 24, 2019) (finding cause and prejudice excused default of *Johnson* claim).

## Conclusion

For the foregoing reasons as well as those set forth in his § 2255 motion, Mr. Basham respectfully requests that this Court grant his § 2255 motion for relief from his unconstitutional convictions under § 924(c) and § 924(o) and that his death sentence be vacated, and that a new penalty phase be ordered.

11

RESPECTFULLY SUBMITTED this 6th day of December, 2019.

Jon M. Sands
Federal Public Defender
Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders

By *s/Leticia Marquez*_____
Counsel for Defendant-Petitioner

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2019, I electronically filed the foregoing Response to Motion to Dismiss or, in the Alternative, for Summary Judgment with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the CM/ECF system.


/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona

13