IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S REPLY TO BASHAM'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Respectfully submitted,

A. LANCE CRICK
ACTING UNITED STATES ATTORNEY

*/s/Robert F. Daley, Jr.*
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel.:    (803) 929-3054
Fax:    (803) 929-3135
Email:  Bob.Daley@usdoj.gov

## TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES ................................................................................................ ii

I.    CAPITAL KIDNAPPING RESULTING IN DEATH IS A CRIME OF
      VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3(A) ....................................1

II.   EVEN IF KIDNAPPING RESULTING IN DEATH IS NO LONGER A
      CRIME OF VIOLENCE, CARJACKING IS A CRIME OF VIOLENCE
      WHICH ALONE SUPPORTS BASHAM'S § 924(c) CONVICTION EVEN
      AFTER *DAVIS* ............................................................................................................5

III.  EVEN IF COURT WERE TO DETERMINE BASHAM'S § 924(c)
      CONVICTION WAS INVALID, SUCH FINDING SHOULD HAVE NO
      IMPACT ON HIS TWO SEPARATE DEATH SENTENCES FOR
      KIDNAPPING RESULTING IN DEATH AND ARJACKING
      RESULTING IN DEATH ................................................................................................9

IV.   THE COURT SHOULD DISMISS THE §2255 MOTION BECAUSE
      BASHAM PROCEDURALLY DEFAULTED HIS DAVIS CLAIM ...............................13

V.    CONCLUSION ............................................................................................................15

CERTIFICATE OF SERVICE ........................................................................................17

i

## TABLE OF AUTHORITIES

## CASES

*Beeman v. United States*,
871 F.3d 1215 (11th Cir. 2017) ................................................................................................. 8

*Bousley v. United States,*
523 U.S. 614 (1998) .................................................................................................................. 14

*Burrage v. United States*,
571 U.S. 204 (2014) ................................................................................................................ 1, 2

*Davis v. United States,*
139 S. Ct. 2319 (2019) ..................................................................................................... *passim*

*In Re Irby*,
858 F.3d 231 (2017) ................................................................................................................ 3, 11

*In re Moore*,
830 F.3d (11th Cir. 2016) ........................................................................................................... 8

*Johnson v. United States*,
2019 WL 1790218 (C.D.Cal. April 23, 2019) ........................................................................... 7

*Lessend v. United States*,
898 F.3d 115 (1st Cir. 2018) ................................................................................................... 14

*Massaro v. United States*,
538 U.S. 500 (2003) ................................................................................................................. 13

*Penry v. Johnson*,
532 U.S. 782 (2001) ................................................................................................................. 11

*Schlup v Delo*,
513 U.S. 298 (1995) ................................................................................................................. 14

*United States v. Allred*,
942 F.3d 641, 2019 WL 5792489 (4th Cir. Nov. 7, 2019) ........................................................ 4

*United States v. Bennerman*,
785 F. App'x 958 (4th Cir. 2019) ........................................................................................ 14, 15

*United States v. Evans*,
   848 F.3d 242 (4th Cir. 2017) .................................................................................... 5, 14

*United States v. Frady,*
   456 U.S. 152 (1982) ................................................................................................ 13, 14

*United States v. Francies*,
   2019 WL 4120444 (N.D.Ill. Aug. 28, 2019) ................................................................ 7

*United States v. Gillon*,
   704 F.3d 284 (4th Cir. 2012) ....................................................................................... 11

*United States v. Gomez*,
   580 F.3d 94 (2d Cir. 2009) ............................................................................................ 8

*United States v. Hadden*,
   475 F.3d 652 (4th Cir. 2007) .................................................................................... 9, 10

*United States v. Haight*,
   892 F.3d 1271 (D.C. Cir. 2018) ..................................................................................... 4

*United States v. Hayes*,
   589 F.2d 811 (5th Cir. 1979) ......................................................................................... 2

*United States v. Hornsby*,
   666 F.3d 296 (4th Cir. 2012) ....................................................................................... 13

*United States v. John*,
   2017 WL 318804 n.1 (E.D.N.Y. Jan. 23, 2017) ............................................................ 7

*United States v. Lentz*,
   524 F.3d 501 (4th Cir. 2008) ......................................................................................... 2

*United States v. Livingston*,
   63 F. App'x. 106 (4th Cir. 2003) ................................................................................. 13

*United States v. Mann*,
   899 F.3d 898 (10th Cir. 2018) ....................................................................................... 4

*United States v. Reyes-Contreras*,
   910 F.3d 169 (5th Cir. 2018) ......................................................................................... 3

*United States v. Skilling*,
    638 F.3d 480 (5th Cir. 2011) ............................................................................................... 8

*United States v. Steward*, ___ F. App'x ___,
    2019 WL 6875294 (4th Cir. Dec. 17, 2019) ........................................................... 6, 7

*United States v. Vasquez*,
    672 F. App'x 56 (2d Cir. 2016)............................................................................................ 7

*United States v. Ventura*,
    742 F. App'x 575 (2d Cir. 2018)......................................................................................... 7

*United States v. Wills*,
    346 F.3d 476 (4th Cir. 2003) .............................................................................................. 2

*Vilar v. United States*,
    2020 WL 85505 (S.D.N.Y. Jan. 3, 2020) ...................................................................... 7, 15

## Statutes

18 U.S.C. § 242............................................................................................................................ 2
18 U.S.C. § 924.................................................................................................................... *passim*
18 U.S.C. § 924(c) .............................................................................................................. *passim*
18 U.S.C. § 924(c)(3)(A) ................................................................................................... *passim*
18 U.S.C. § 1201(a) ..................................................................................................................... 1
18 U.S.C. § 3591.......................................................................................................................... 3
18 U.S.C. § 3591(a)(2).............................................................................................................. 3, 4
18 U.S.C. § 3591(a)(2)(D) .......................................................................................................... 4
21 U.S.C. § 841(b) ...................................................................................................................... 1

iv

The United States files this reply in opposition to Basham's response and in further support of its motion to dismiss or grant summary judgment. Basham's motion to vacate must be denied and judgment entered in favor the United States for the following reasons: (1) both kidnapping and carjacking resulting in death remain crimes of violence under the force clause of § 924(c)(3)(A); (2) even if kidnapping resulting in death does not qualify as a crime of violence predicate for § 924(c), carjacking alone supports Basham's § 924(c)[1] conviction because, at a minimum, Basham cannot satisfy his burden of proving that the jury based its verdict on his § 924(c) charge exclusively on the kidnapping resulting in death predicate, particularly when the jury found Basham guilty of the intertwined substantive offenses of kidnapping resulting in death and carjacking resulting in death; (3) even if the court were to determine that Basham's § 924(c) conviction was invalid, the court should vacate the conviction and leave intact the remaining convictions and sentences; and (4) the court should find that Basham procedurally defaulted his *Davis* claim and cannot overcome that default.

## I.      CAPITAL KIDNAPPING RESULTING IN DEATH IS A CRIME OF VIOLENCE.

Kidnapping resulting in death, particularly in the capital context, is a crime of violence under the force clause. The death-results provision of the kidnapping statute triggers an enhanced penalty, 18 U.S.C. § 1201(a) (increasing sentencing range if "the death of any person results"), and therefore is an element of the aggravated offense of kidnapping resulting in death. *See Burrage v. United States*, 571 U.S. 204, 210 (2014) ("Because the 'death results' [penalty] enhancement [in 21 U.S.C. § 841(b)] increased the minimum and maximum sentences to which Burrage was

---

[1] Unlike Fulks, who sought to vacate both his §§ 924(c) and (o) convictions, Basham sought to vacate only his § 924(c) conviction.  *See* Dkt. # 1616.

1

exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt."); *United States v. Lentz*, 524 F.3d 501, 512 (4th Cir. 2008) ("death resulted" is an essential element of the offense of kidnapping resulting in death). The kidnapping statute is, therefore, divisible into different offenses—kidnapping not resulting in death and kidnapping that does result in death—and Basham was unquestionably charged with and convicted of the offense of kidnapping resulting in death.   Dkt. # 766.

Basham claims that kidnapping resulting in death does not meet the requirements of the force clause because (1) "it can be committed through non-forceful means," (2) it can be accomplished recklessly, and (3) it does require the necessary causation.  *See* Dkt. #1679, at pp. 7-8.  Basham is mistaken.  Capital kidnapping resulting in death requires the necessary causation, use of force, and intent.

To prove the offense of kidnapping resulting in death, the government has to prove the victim was subjected to "physical force" within the meaning of § 924(c)(3)(A): the requirement that "death results" from the kidnapping requires a causal connection between the offense and the death; it would not be sufficient, for example, to show the victim happened to die of natural causes during the course of a kidnapping.  *See Burrage*, 571 U.S. at 214 ("a phrase such as 'results from' imposes a requirement of but-for causation"); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("death results" provision of 18 U.S.C. § 242 incorporates general principles of causation and noting that death would not "result" from a § 242 violation if the victim is struck by lightning while being detained pursuant to an illegal arrest); *United States v. Wills*, 346 F.3d 476, 500 (4th Cir. 2003) (upholding jury instruction for kidnapping resulting in death charge in which jury was instructed it must determine "whether [victim's] death resulted from the willful and intentional

2

conduct of the defendant"). Establishing that connection will, as in this case, require proof that force capable of causing physical pain or injury or of overcoming a victim's resistance was used during the course of the commission of the offense—whether or not the force was direct or intentional. *See In Re Irby*, 858 F.3d 231, 236 (2017) ("unlawfully killing another human being requires the use of force capable of causing physical pain or injury to another person"); *United States v. Reyes-Contreras*, 910 F.3d 169, 180-84 (5th Cir. 2018) (en banc).

Indeed, where, as here, kidnapping resulting in death is charged as a capital offense, the jury must find the defendant engaged in one of four intentional acts that caused the death of a victim. *See* 18 U.S.C. § 3591(a)(2); Superseding Indictment, filed April 23, 2003, at pp. 14-15; Dkt. #s 805 & 806 (special verdict forms). And despite Basham's argument that kidnapping resulting in death requires no more than recklessness, Dkt. # 1679, at pp. 7-8, that assertion is not supported by the statutory language because each § 3591(a)(2) factor requires a defendant to "intentionally" engage in a prohibited act.

In Basham's case, the jury specifically found that he had "*intentionally* and specifically engaged in an act of violence, knowing that the act created a grave risk of death to Alice Donovan, such that participation in the act constituted a reckless disregard for human life, and Alice Donovan died as a direct result of the act." Dkt. #806, at p. 2 (emphasis added). This minimum type of conduct required by § 3591(a)(2) rises above the minimum threshold for establishing a crime of violence under the force clause, 18 U.S.C. § 924(c)(3)(A), because it goes beyond intentionally using force, threatening physical force, or attempting to use physical force—it requires a defendant to intentionally engage in an act that constitutes a "reckless disregard for human life" and that death result from that intentional act. 18 U.S.C. § 3591.

3

All statutory aggravating factors of § 3591(a)(2) entail intentional conduct that caused a victim's death. Capital kidnapping resulting in death, therefore, categorically has as an element— imported from 18 U.S.C. § 3591(a)(2)—the use, attempted use, or threatened use of physical force against the person or property of another because no defendant can be found guilty of the offense without a finding that he used force capable of causing physical pain or injury against another person.

To the extent Basham argues the § 3591(a)(2) factors cannot be used to make capital kidnapping resulting in death a crime of violence because they are not elements of the crime, the argument fails. This argument must be rejected because it ignores the reality that capital kidnapping resulting in death is a separate crime that has separate elements (the § 3591(a)(2) factors), one of which must be found beyond a reasonable doubt.  Under the categorical approach, even the least culpable § 3591(a)(2) factor requires a defendant to have "*intentionally* and specifically engaged in an act of violence," knowing the act constituted a reckless disregard for human life, and "the victim died as a direct result of the act."  18 U.S.C. § 3591(a)(2)(D). Therefore, the least culpable type of capital kidnapping resulting in death is a crime of violence.[2]

---

[2] If this court were to determine that capital kidnapping resulting in death can be accomplished by mere recklessness, the government still asserts that recklessness alone is sufficient under the force/elements clause. The courts of appeals have split on this issue with the Fourth Circuit recently confirming that a recklessness mens rea would be disqualifying under the force clause of the career-offender guideline or ACCA. *United States v. Allred*, 942 F.3d 641, 2019 WL 5792489, *7 (4th Cir. Nov. 7, 2019).  But *United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018) (Kavanaugh, J.), and the majority of other circuits have the better view that recklessness alone is sufficient under the force/elements clause of the ACCA, career offender guideline and § 924(c). *See United States v. Mann*, 899 F.3d 898 (10th Cir. 2018) (holding that reckless conduct is volitional use of physical force against the person or property of another for purposes of 18 U.S.C. § 924(c)(3)(A)).   The United States notes its agreement with *Haight* and *Mann* which adopt the majority view on the recklessness issue, and preserves the government's right to further review.

## II. EVEN IF KIDNAPPING RESULTING IN DEATH IS NO LONGER A CRIME OF VIOLENCE, CARJACKING IS A CRIME OF VIOLENCE WHICH ALONE SUPPORTS BASHAM'S § 924(C) CONVICTION EVEN AFTER *DAVIS*.

Even if this court were to determine that kidnapping resulting in death were no longer a valid predicate crime of violence for § 924(c) purposes after *Davis*, federal carjacking is a crime of violence under § 924(c)(1)(A)'s force clause, *see United States v. Evans*, 848 F.3d 242, 247-48 (4th Cir. 2017), which continues to support Basham's § 924(c) conviction. Basham was convicted of carjacking resulting in death and kidnapping resulting in death. Dkt. # 766 (counts 1 and 2). Likewise, he was convicted of the § 924(c) count (count 6) charging the crime of violence predicates of carjacking resulting in death and kidnapping resulting in death set forth in counts 1 and 2. One cannot imagine a scenario where the jury could have concluded that Basham was guilty of using a firearm in furtherance the kidnapping resulting in the death of Alice Donovan without also concluding he did so in furtherance of the carjacking resulting in the death of Alice Donovan when the same jury found Basham guilty of both carjacking resulting in death and kidnapping resulting in death. In short, the carjacking resulting in death and kidnapping resulting in death of Alice Donovan involved the same conduct. Therefore, Basham's § 924 (c) conviction remains valid even if kidnapping resulting in death is no longer a valid predicate crime of violence for § 924(c) purposes after *Davis*.

Basham argues "the carjacking and kidnapping statutes are two separate statutes" and it "is unclear which formed the basis of the predicate felony for §924." He then asserts "[b]ecause only

---

The United States preserves its position pending the Supreme Court's ruling in *Walker v. United States*, No. 19-373 (cert. granted Nov. 15, 2019). The Supreme Court recently granted certiorari in *Walker* to decide whether an offense that can be committed with a mens rea of recklessness can qualify as a "violent felony" under the Armed Career Criminal Act's force/elements clause.

5

one of these offenses is necessary for the conviction, it must be presumed that the less serious of the two elements—the kidnapping count—was the basis for the 'crime of violence'" predicate for the § 924(c). Dkt. #1679, at p. 8. Basham's argument is without merit.

Contrary to Basham's contention, there is no reason to presume that kidnapping resulting in death was the sole predicate relied upon by the jury in convicting Basham of violating § 924(c). As noted above, the jury found Basham guilty of kidnapping resulting in death and carjacking resulting in death. Additionally, the § 924(c) carjacking resulting in death and kidnapping resulting in death predicate crimes were inextricably intertwined—they both involved the same core set of facts involving the initial abduction of Alice Donovan at gun point by Basham in the Wal-Mart parking lot followed by the continued carjacking and kidnapping (and rape) of Donovan which eventually lead to her death at the hands of Basham and Fulks. As a result, it strains credulity to believe Basham's jury could have concluded that Basham was guilty of using a firearm during and furtherance of the kidnapping resulting in the death of Alice Donovan on November 14, 2002, without at the same time also concluding that he did so during and in furtherance of the carjacking resulting in the death of Alice Donovan on November 14, 2002.

Basham's identical argument was rejected by the Fourth Circuit recently in *United States v. Steward*, ___ F. App'x ___, 2019 WL 6875294, at *1 (4th Cir. Dec. 17, 2019). In *Steward*, the defendant was successfully prosecuted at trial for violating § 924(c) in which two predicate "crimes of violence" were charged—conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery. On appeal, Steward argued that his § 924(c) must be reversed because the jury could have relied solely on the predicate offense of conspiracy to commit Hobbs Act robbery. Steward claimed this even though the jury had convicted him of the substantive Hobbs Act robbery

6

offense charged in the §924(c).  The Fourth Circuit rejected this challenge because the "conspiracy offense and the robbery offense [were] coextensive and the conspiracy offense related solely to the robbery offense." *Id.*   The court concluded:  "Because there is no reasonable probability that the result of the proceeding would have been different had the conspiracy offense not been listed as an underlying crime of violence to the § 924(c) charge, we conclude that there is no reason to vacate the § 924(c) conviction."  *Id.*

*Steward* is consistent with the other straight-forward holdings of numerous courts:  If there are two or more possible predicate offenses supporting a § 924(c) charge, collateral relief is unwarranted unless the petitioner can establish that the trial court necessarily relied solely on a predicate offense that constituted a crime of violence under the residual clause as opposed to the force clause. *See United States v. Ventura*, 742 F. App'x 575, 578 (2d Cir. 2018) (finding no plain error in *Johnson* challenge to a § 924(c) conviction linked to arson and drug trafficking because the jury needed only to find the drug trafficking predicate (or both)); *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (finding "no *Yates* concern arises from a possible defect in a related 'crime of violence' predicate" where verdict was supported by narcotics predicates; holding that a § 924 conviction "undoubtedly rest[ed] on a valid drug-trafficking predicate" where the crime of violence and drug conspiracy were "inextricably intertwined" and the jury convicted on the underlying drug conspiracy offense); *Vilar v. United States*, 2020 WL 85505, at *3 (S.D.N.Y. Jan. 3, 2020); *United States v. Francies*, 2019 WL 4120444, at *7 (N.D.Ill. Aug. 28, 2019); *Johnson v. United States*, 2019 WL 1790218, at *6-7 (C.D.Cal. April 23, 2019); *United States v. John*, 2017 WL 318804, at *1 n.1 (E.D.N.Y. Jan. 23, 2017) (rejecting argument that court failed to require jury to unanimously agree which of four crimes supported its findings of guilty on the charge that he

7

used a firearm in connection with a crime of violence or a drug trafficking crime: "Since, however, the jury validly reached a unanimously guilty verdict on every predicate crime alleged, the erroneous jury instruction was necessarily harmless.") (quoting *United States v. Gomez*, 580 F.3d 94, 104 (2d Cir. 2009)); *see also United States v. Anglin*, 16-2065, DE:41 at 1 (2d Cir. Aug. 20, 2019) ("bank robbery under § 2113(a) and (d) remains a proper predicate offense after *Johnson*, *Dimaya*, and *Davis*, and because only one predicate offense is required, we need not decide whether the conspiracy conviction is also a crime of violence after those decisions").

Basham, as the movant, bears the burden of proving the likelihood that the jury found he was guilty of violating § 924(c) based solely on the kidnapping resulting in death predicate, and not also on the other valid predicate offense identified in the count (carjacking). *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (*Johnson* § 2255 movant "bears the burden to prove the claims in his § 2255 motion"); *In re Moore*, 830 F.3d at 1272 (11th Cir. 2016) ("a movant has the burden of showing that he is entitled to relief in a § 2255 motion—not just a prima facie showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his Johnson claim"). Basham cannot meet this burden in the face of his convictions for the substantive offenses of kidnapping resulting in death and carjacking resulting in death and the intertwined nature of these two offenses that both served as predicates for the § 924(c) conviction.[3]

Finally, Basham argues the court must presume "the less serious" predicate, "the kidnapping count," was "the basis for the crime of violence" supporting the § 924(c) conviction.

---

[3]Where there is a clear alternative theory of guilt, supported by overwhelming evidence, a defendant likely cannot show that an instruction permitting the jury to convict on an improper basis was not harmless error. *United States v. Skilling*, 638 F.3d 480, 482 (5th Cir. 2011).

8

Dkt. # 1679, at p. 8.  This argument makes no sense in the context of this case. Basham offers no basis for saying that kidnapping resulting in death is less serious than carjacking resulting in death. Both offenses have the same statutory maximum penalty and, in the context of this case, deal with the same offense conduct. In characterizing the kidnapping resulting in death as the supposedly "less serious" offense, Basham apparently seeks to rely on the invalidation of § 924(c)(3)(B), not anything that makes the kidnapping resulting in death offense itself less serious to admit. But Basham identifies no authority that supports such reasoning for deeming the kidnapping offense less serious. He seeks to characterize his verdict as being limited to kidnapping resulting in death. But he was not convicted of only count 1. The jury also convicted him of count 2.  In short, it strains credulity to think that his § 924(c) conviction relied upon only kidnapping resulting in death.  Nothing in the record supports such a conclusion.  For this reason, Basham cannot meet his burden and his motion to vacate is without merit.

**III.  EVEN IF COURT WERE TO DETERMINE BASHAM'S § 924(C) CONVICTION WAS INVALID, SUCH FINDING SHOULD HAVE NO IMPACT ON HIS TWO SEPARATE DEATH SENTENCES FOR KIDNAPPING RESULTING IN DEATH AND CARJACKING RESULTING IN DEATH.**

Even if the court were to determine Basham's § 924(c) conviction was invalid, such a finding should have no impact on his two separate death sentences. The appropriate result is to vacate only the § 924(c) count and leave the rest of the sentences, including the death sentences, in place.  *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). No additional evidence was admitted as a result of his § 924(c) conviction in the sentencing phase. Furthermore, the jury did not consider his § 924(c) convictions in deciding to impose the death sentences for his kidnapping resulting in death and carjacking resulting in death offenses.

In Basham's sentencing phase the jury returned independent verdicts of death against Basham on both counts 1 (carjacking resulting in death) and 2 (kidnapping resulting in death), and the district court imposed independent, concurrent death sentences on those counts. Dkt. #s 805 and 806 (special verdict forms); Dkt. # 886 (judgment). Basham's death sentences on his carjacking resulting in death and kidnapping resulting in death counts were rendered by the sentencing jury without reference to Basham's other counts of conviction. At no point was the jury instructed to consider the § 924(c) conviction in deciding whether to impose the death penalty.

Basham, however, argues the jury did consider his § 924(c) conviction and that consideration undermined the validity of the penalty phase of his capital trial. *See* Dkt. # 1679, at pp. 9-10. Basham relies on the opening jury instructions given in the sentencing phase and on a few isolated comments made by the prosecution in its closing argument. *Id.* Basham is mistaken when he makes this assertion that the jury considered his § 924(c) conviction in deciding to impose the death penalty. The district court instructed the jury at the beginning of the penalty phase that any death sentence would be based on the convictions under count 1 and count 2 alone:

> You have unanimously found the defendant guilty of all eight counts in the indictment. For purposes of your participation in this proceeding, however, we need to focus only on the first two counts. The first two counts charge Mr. Basham with offenses for which the penalty is either life imprisonment without the possibility of release or death. These two offenses are: Count one, carjacking, resulting in death; and Count Two, kidnapping, resulting in death.

Vol. XV of trial transcript at p. 15 (emphasis added); *see also id.* at 16 ("the government will . . . introduce evidence that it feels authorizes or justifies the imposition of the death penalty for each of the two charges as to which Mr. Basham was found guilty."); *id.* at 33 ("The law requires you to weigh these factors and to decide whether you are unanimously persuaded that the aggravating

10

factors sufficiently outweigh any mitigating factors to justify imposing a sentence of death. You should decide this with regard to each of the two counts . . . ."); *id.* at 34 ("You must consider the weight and value of each factor and make your decision accordingly as to each count.").

Similarly, in its final instructions, the court instructed the jurors that their verdict as to life imprisonment or death was as to counts 1 and 2:

> As you know, the defendant has been found guilty of two offenses for which the death penalty is available: carjacking, resulting in death, and kidnapping, resulting in death. You will have to decide the appropriate punishment and return individual verdicts for each of the two counts. The instructions I give you today apply, equally, to both counts.

Vol. XXIX of trial transcript at p. 193. *Id.* at 201 ("You must decide, in regard to both offenses, whether the aggravating factors, which you have found to exist, sufficiently outweigh the mitigating factors found to exist for that offense."). The court additionally explained to the jury that it had prepared "two verdict forms that detail special findings that you are asked to make, and the possible decisions you can render as to each of the offenses to which the defendant has been found guilty." *Id.* at p. 194.

The court made clear the jury could "only consider evidence, including testimony, documents, and stipulations between the parties received in this courtroom, in making your determination." *Id.* at 195. Later, the court emphasized: "Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions." *Id.* at 233. There is a strong presumption jurors follow their instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001); *United States v. Gillon*, 704 F.3d 284, 297 (4th Cir. 2012).

Basham specifically claims the government supposedly relied upon his § 924(c) conviction in its closing argument in the penalty phase. *See* Dkt. 1679, at pp. 9-10. Basham is incorrect.

11

Basham takes a far too myopic view of the government's remarks. A full review of the relevant passage, *see* Vol. XXIX of trial transcript at 52-60, reveals nothing argued in that passage relied upon Basham's § 924(c) conviction. First, all the facts recounted in the argument regarding guns were supported separately from Basham's § 924(c) conviction. More importantly, a fair reading of the argument makes clear the "convictions" referenced in the argument were the convictions for carjacking resulting in death and kidnapping resulting in death. Vol. XXIX of trial transcript at 53 ("you have convicted Brandon Basham and, he has admitted in statements that he knowingly engaged in the act of kidnapping and act of carjacking"); *id*. at 55-56 ("And, ladies and gentlemen, you have convicted Brandon Basham. He is guilty of kidnapping, resulting in death; he is guilty of carjacking, resulting in death. Not only as a matter of fact, but as a matter of law. You have convicted him of those two charges. So, either one of those two are clearly present by your previous verdicts, and by the testimony of the witnesses and the admission of the defendant."). Likewise, the facts supporting the § 924 conviction did not taint the jury's death sentences. The jury was instructed to consider *evidence*, including testimony, documents, and stipulations between the parties received in the courtroom in the penalty phase, in making its determination about the death penalty and that their verdict had to be based on the *evidence* presented in the courtroom in accordance with the court's instructions.

Basham claims there was a "spillover" effect caused by the supposedly invalid § 924(c) conviction. Dkt. # 1679, at p. 9. Basham is incorrect. There can be no doubt that evidence supporting the § 924(c) conviction had no spillover effect on the jury's determination to impose the death penalty on counts 1 and 2. The evidence introduced by the government supporting the imposition of the death sentence in the penalty phase would not have changed if the § 924(c) count

12

had not existed.  In fact, Basham has failed to identify any evidence admitted in the penalty phase that would have been inadmissible if the § 924(c) count had not been charged.  *See United States v. Hornsby*, 666 F.3d 296, 311 (4th Cir. 2012) (court found no spillover effect because defendant "has not pointed this Court to any specific evidence admitted at his trial that would be inadmissible at a trial only for the [valid] counts"); *United States v. Livingston*, 63 F. App'x. 106, 107 (4th Cir. 2003) (finding that the defendant's remaining convictions should not be vacated because there was no prejudicial spillover from evidence supporting the dismissed counts:  "The evidence in support of the reversed counts and the remaining counts was identical.")

Basham cannot meet his burden to show his § 924(c) conviction had any impact on his death sentences.  Therefore, even if this court were to vacate Basham's § 924(c) conviction, no resentencing is warranted, and the court should leave in place the death sentences on counts 1 and 2.

**IV.     THE COURT SHOULD DISMISS THE § 2255 MOTION BECAUSE BASHAM PROCEDURALLY DEFAULTED HIS *DAVIS* CLAIM.**

The court should also dismiss the § 2255 motion because Basham procedurally defaulted his *Davis* claim.  A defendant must raise a claim on direct appeal or the claim is procedurally defaulted. *Massaro v. United States,* 538 U.S. 500, 504 (2003). A defendant can overcome procedural default by demonstrating both cause for his failure to raise the claim and actual prejudice from the alleged error. *See United States v. Frady,* 456 U.S. 152, 167-68 (1982). The "prejudice" standard requires that the alleged error "worked to [Basham's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady,* 456 U.S. at 170. Thus, "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would

13

exist on direct appeal" under the plain error standard of review. *Id.* at 166. If a prisoner cannot show both cause for his procedural default and actual prejudice, a court should not consider his challenge unless he can demonstrate "actual innocence." *Bousley v. United States,* 523 U.S. 614, 620-24 (1998).

Basham cannot establish actual prejudice or actual innocence.  His § 924(c) conviction was predicated on carjacking resulting in death as well as kidnapping resulting in death. Carjacking clearly qualifies as a crime of violence. *See Evans*, 848 F.3d at 247-48.  In the context of procedural bar, "[t]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v Delo*, 513 U.S. 298, 327-28 (1995)). As noted in Sections I, II, and III above, Basham cannot establish actual prejudice or actual innocence.  *See United States v. Lessend v. United States*, 898 F.3d 115, 123 (1st Cir. 2018)  ("[I]f Lassend's challenge fails on the merits, there cannot be actual prejudice because there would be no error from which such prejudice would flow. While we have found little law on the topic of prejudice, we think that the prejudice inquiry dovetails with the merits inquiry, and is not satisfied by mere argument.").

Basham's reliance on *United States v. Bennerman*, 785 F. App'x 958 (4th Cir. 2019), in arguing that he can overcome procedural default, Dkt. #1679, at p. 11, must fail.  First, *Bennerman* is an unpublished decision which is not binding on this court.  Second, any discussion about the merits of the procedural default argument in *Bennerman* was dicta.  As the *Bannerman* panel[4]

---

[4] Only two of the judges on the panel reached the procedural default issue.  *See Bennerman*, 785 F. App'x at 964 (Richardson, J., concurring) ("As for the alternative procedural arguments (statute of limitations and procedural default), I would not reach out to decide those questions. The

noted, "procedural default is an affirmative defense that the government failed to raise before the district court" and, therefore, the government waived the argument. *Bennerman*, 785 F. App'x at 963. Finally, *Bennerman* cites to *Lessend* approvingly. *Id.* As noted by the *Lessend* court, the procedural default "prejudice inquiry dovetails with the merits inquiry, and is not satisfied by mere argument." *Id.* Because Basham fails to succeed on the merits, as explained above, he cannot meet the prejudice requirement to overcome his procedural default. *See Vilar*, 2020 WL 85505, at *2 (noting that because "the jury surely would have convicted Petitioner under § 924(c) if properly instructed, he can show neither prejudice nor actual innocence [and] because on this record it is plain that the improper instruction could not have affected the outcome, the trial was not seriously infected by the error and the facts still support the conviction" and there was "thus no prejudice or actual innocence to excuse the procedural default"). Therefore, Basham procedurally defaulted on his *Davis* claim and cannot overcome the default.

## V.     CONCLUSION

The court should deny Basham's § 2255 motion and enter judgment in favor of the United States. First, both carjacking resulting in death and kidnapping resulting in death remain crimes of violence under the force clause of § 924(c)(3)(A) even after *Davis*. Second, even if kidnapping resulting in death were to no longer qualify as a crime of violence predicate for § 924(c), carjacking alone still supports Basham's § 924(c) conviction. Third, even if this court were to find that Basham's § 924(c) conviction was invalid in light of *Davis*, the appropriate result would be to vacate only the sentence for that count and leave the rest of the sentences, including the death

district court would be just as well equipped as we are to address those issues in the first instance on remand.").

15

sentences, in place.    Finally, the court should also dismiss the § 2255 motion because Basham procedurally defaulted his *Davis* claim by failing to raise a vagueness objection to his § 924(c) conviction at sentencing and on direct appeal. For these reasons, Basham's § 2255 motion is without merit.

Respectfully submitted,

A. LANCE CRICK
ACTING UNITED STATES ATTORNEY

*/s/Robert F. Daley, Jr.*
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel.:    (803) 929-3054
Fax:    (803) 929-3135
January 15, 2020                                                     Email:  Bob.Daley@usdoj.gov

16

IN THE UNITED STATES DISTRICT COURT
FOR THEDISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| BRANDON L. BASHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned Assistant United States Attorney hereby certifies that he has caused service of the **GOVERNMENT'S REPLY TO BASHAM'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS** by a paralegal specialist employed in the office of the United States Attorney for the District of South Carolina who is a person of such age and discretion as to be competent to serve papers**.**

That on January 15, 2020, my Paralegal served a copy of the foregoing documents by ECF on the following:

Leticia Marquez, Esquire
Lindsey Layer, Esquire
Federal Public Defenders Office (AZ)
407 W. Congress Street, Suite 501
Tucson, AZ 85701
Email:  leticia_marquez@fd.org
Email:  Lindsey_Layer@fd.org

Respectfully submitted,

A. LANCE CRICK
UNITED STATES ATTORNEY

*/s/Robert F. Daley, Jr.*
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel.:    (803) 929-3054
Fax:    (803) 929-3135
Email:  Bob.Daley@usdoj.gov

17