IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 4:02-00992-JFA |
| v. | |
| BRANDON BASHAM, | |
| Defendant. | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

The United States files this supplemental memorandum in light of *Borden v. United States*, 141 S.Ct. 1817 (2021).

## I.    Introduction

Basham carjacked and kidnapped Alice Donovan which resulted in her death. The carjacking and kidnapping were caught on video and never in dispute. Even if kidnapping resulting in death were not a predicate crime of violence that can sustain Basham's § 924(c) conviction, Basham's § 924(c) conviction is still valid because carjacking under 18 U.S.C. § 2119 is a valid predicate crime of violence after *Borden*. This is so because (1) carjacking is a specific-intent crime which requires the intent to seriously harm or kill the driver if necessary to steal the car, and this intent requirement makes it a crime which cannot be committed recklessly, and (2) the Fourth Circuit required a crime of violence be predicated on a *mens rea* above recklessness to satisfy § 924(c)'s force clause when it found carjacking was categorically a crime of violence, and *Borden* therefore is not an intervening decision that changed Fourth Circuit law which would allow a court to revisit the law. Finally, even if this Court were to vacate Basham's § 924(c) conviction, the Court should exercise its discretion and leave in place Basham's death sentences for the kidnapping and carjacking resulting in death.

## II.     Relevant Facts

Basham went to trial for the kidnapping and carjacking of Alice Donovan resulting in her death (Counts 1 and 2).  The jury found Basham guilty of both counts and he was sentenced to death separately for each count, after the jury found he intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to Alice Donovan, such that participation in the act constituted a reckless disregard for human life, and Alice Donovan died as a direct result of the act.  Dkt. #s 805 & 806, at p. 2. Basham also went to trial on six other charges, including using and carrying a firearm during and in relation to, and possessing in furtherance of, a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 6). The § 924(c) charge specifically identified its predicate crimes of violence as the kidnapping and carjacking resulting in death set forth in Counts 1 and 2.

There was never any doubt that Basham kidnapped and carjacked Alice Donovan. *See United States v. Basham*, 789 F.3d 358, 367 (4th Cir. 2015) ("During trial, the defense conceded Basham's culpability in the carjacking and kidnapping."). In fact, the carjacking and kidnapping was captured on videotape by a Wal-Mart security camera. *Id*. at 374 (noting the "videotape footage of Basham carjacking Donovan in a Wal–Mart parking lot"); *United States v. Basham*, 561 F.3d 302, 328 ("The Government presented an overwhelming case against Basham during the guilt phase; the carjacking and kidnapping were recorded by a security camera. . ."). On November 14, 2002, in a Wal-Mart parking lot in Conway, South Carolina, Basham jumped out of a moving truck driven by Chad Fulks.  Basham carjacked and kidnapped Alice Donovan at gunpoint and made her drive her BMW to the back of the parking lot where Fulks met them.  Fulks got in the

driver's seat of the BMW and Basham got in the back seat with Donovan.   During the kidnapping and carjacking of Donovan, she was raped and eventually killed. *Basham*, 561 F.3d at 311.

In opening statements Basham conceded that he and Fulks kidnapped and carjacked Donovan, but he denied that he killed or intended to kill her. *Basham*, 561 F.3d at 328 ("Basham admitted to carjacking and kidnapping Donovan during his opening statement and contended only that he lacked that specific intent.").  Basham emphasized that Fulks was intelligent, but Basham had a low IQ and learning disabilities. *See* Vol. 1 of trial transcript at 64-69 (counsel's opening statement); *Basham*, 561 F.3d at 315.

In the defense closing argument, counsel admitted that Basham and Fulks "possessed the weapons" that the "government said they possessed."   Vol. XII of trial transcript at 91. Additionally, he admitted that "there was no question about the abduction of Alice Donovan."  He conceded that Basham "participated in her abduction" and "participated in taking her car."  *Id.* at 92.  Counsel again contended that the singular issue as to the kidnapping resulting in death and carjacking resulting in death was whether "Basham had the intent to hurt or kill Alice Donovan when she was abducted." *Id.* at 92.  Counsel admitted that Basham abducted Alice Donovan as he jumped into her BMW at the Wal-Mart parking lot:

> At the Wal-Mart in South Carolina, there is no question that Brandon Basham left the vehicle and got in the vehicle with Alice Donovan. There is no question about that, that he left the vehicle, the truck there at the Wal-Mart, Chad Fulks got in the BMW.  Mr. Gasser is exactly correct.  There were several occasions when they were driving along the road and Chad Fulks was stopping to use the ATMs that Brandon Basham was alone with Alice Donovan.  There is no question about that.  I don't dispute that with the government in any way whatsoever.  That he had the opportunity, if he wanted, to let Alice Donovan go.

*Id.* at 135-36.

3

Regarding the § 924(c) count, defense counsel tied Counts 1 and 2 with Count 6, the § 924(c) charge. Counsel admitted that if the jury found Basham guilty of *both* Counts 1 (carjacking resulting in death) and 2 (kidnapping resulting in death), he was guilty of the § 924(c) charge:

> Count 6 is using a firearm during and in relation to a crime of violence. Now, if you find Mr. Basham guilty of counts 1 and 2, that, basically, satisfies that particular count, that is, using a firearm during and in relation to a crime of violence. But as we, again, submit carjacking really was not one of the crimes that was committed in this case because of that lack of intent on the part of Mr. Basham. Kidnapping still would be.

*Id.* at 100-01. Counsel reiterated this point later: "As to Count 6, use of a firearm during and in relation to a crime of violence. Again, that is going to be something that you, depending upon what your findings are *as to Count 1 and Count 2*, then your decision on Count 6 will be relatively easy." *Id.* at 101-02 (emphasis added).

One issue now before this Court is whether kidnapping resulting in death still qualifies as a crime of violence that can sustain Basham's § 924(c) conviction. The government presumes without conceding that kidnapping resulting in death no longer qualifies as a predicate crime of violence. However, even if kidnapping resulting in death no longer qualifies as a predicate crime of violence, the § 924(c) conviction is still valid because it also rested upon the carjacking of Alice Donovan, to which Basham conceded and for which there was overwhelming evidence. Furthermore, even if the § 924(c) conviction were no longer valid, the appropriate remedy would be to vacate the § 924(c) conviction but leave the death sentences intact.

**III.     Basham's § 924(c) Conviction Remains Valid And His Independent Death Sentences Based On Separate Counts For Kidnapping Resulting In Death And Carjacking Resulting in Death Should Remain Intact.**

      **A.     The Government Presumes Without Conceding That Kidnapping Resulting In Death Is Not A Crime Of Violence After _Borden_.**

The government presumes without conceding that kidnapping resulting in death no longer qualifies as a predicate crime of violence for purposes of § 924(c) in light of the Supreme Court's decision in _Borden v. United States_, 141 S.Ct. 1817 (2021).

In _Borden_, the Supreme Court determined that Tennessee reckless aggravated assault lacks a _mens rea_ element sufficient to satisfy the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i). The ACCA's elements clause defines a "violent felony" as any crime punishable by more than one year in prison that "has an element the use, attempted use, or threatened use of physical force _against the person of another_." _Id_. (emphasis added). The Court held that it does not "include[ ] offenses criminalizing reckless conduct." 141 S.Ct. at 1825 (plurality opinion); _id_. at 1834 (Thomas, J., concurring in the judgment).

The Court explained that the ACCA's use of the phrase "against another" "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner," so the ACCA's elements clause does not cover it. _Id_. at 1825 (plurality opinion); _see_ 18 U.S.C. § 924(e)(2)(B)(i). Instead, the crimes that the ACCA's elements clause covers "are best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk." _Borden_, 141 S.Ct. at 1830 (plurality opinion); _id_. at 1834 (Thomas, J., concurring in the judgment). Otherwise, as the Court warned, sentencing courts would improperly "impose large sentencing enhancements on individuals (for example, reckless drivers) far afield

from the 'armed career criminals' ACCA addresses." *Id*. at 1825 (plurality opinion). The Court reserved the question of whether offenses involving "extreme recklessness" satisfy the force clause. *Borden*, 141 S.Ct. at 1825 n.4.

In light of *Borden*, the government presumes without conceding that kidnapping resulting in death no longer qualifies as a predicate crime of violence for purposes of § 924(c).

### B. Basham's § 924(c) conviction is still valid because carjacking is a valid predicate.

Even if kidnapping resulting in death were not a predicate crime of violence, Basham's § 924(c) conviction is still valid because carjacking is a valid predicate. Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Smith*, 960 F.3d 510, 512, 516-17 (4th Cir. 2013) (holding the standard set forth in *Brecht* applies to § 2255 habeas cases). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. Basham cannot meet this burden.

Should this Court determine that kidnapping resulting in death were no longer a valid predicate crime of violence for § 924(c) purposes after *Borden*, carjacking remains a crime of violence under § 924(c)(1)(A)'s force clause, *see United States v. Evans*, 848 F.3d 242, 247-48 (4th Cir. 2017); *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021), and it continues to support Basham's § 924(c) conviction. Basham was convicted of carjacking resulting in death and

kidnapping resulting in death.  Dkt. # 766.  Likewise, he was convicted of his § 924(c) charge

charging the crime of violence predicates of kidnapping resulting in death *and* carjacking resulting

in death as set forth in Counts 1 and 2.  Therefore, Basham's § 924(c) conviction remains valid.

> **1.     Carjacking is still a valid predicate crime of violence.**

The government anticipates that Basham will argue that carjacking is no longer a predicate

crime of violence after *Borden* because it supposedly can be committed recklessly. If he does,

Basham will be incorrect.

Carjacking under 18 U.S.C. § 2119 continues to be a "crime of violence" after *Borden*.

This is so for two reasons. First, carjacking is a specific intent crime which requires the "intent to

seriously harm or kill the driver if necessary to steal the car." *United States v. Small*, 944 F.3d 490,

498 (4th Cir. 2019). This intent requirement removes carjacking from the category of crimes that

can be committed recklessly. Second, the Fourth Circuit already required that a crime of violence

be predicated on a *mens rea* above recklessness to satisfy the force clause of § 924(c) when it

found that carjacking was categorically a crime of violence in *United States v. Evans*, 848 F.3d

242 (4th Cir. 2017). Therefore, because *Borden* is not an intervening decision that changed Fourth

Circuit law, there is no basis for this Court or a panel of the Fourth Circuit to revisit *Evans*. *United*

*States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (in declining to revisit Evans, court noted "one

panel cannot overrule another"); *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004)

(holding that one panel cannot overrule a decision issued by another panel "unless the prior opinion

has been overruled by an intervening opinion from this court sitting en banc or the Supreme

Court").  Basham's 18 U.S.C. §§ 924(c) conviction remains valid, and his 28 U.S.C. § 2255 motion

should be denied.

a.    **Carjacking requires the "intent to seriously harm or kill the driver if necessary to steal the car."**

The *mens rea* element of the carjacking statute is satisfied by a specific intent to do harm. The Supreme Court has clarified that § 2119 also allows for a showing of "conditional intent," that is, that the defendant was willing to inflict death or serious bodily injury had it become necessary to take the vehicle. *Holloway v. United States*, 526 U.S. 1, 7–8 (1999). This specific intent requirement makes *Borden* inapplicable to carjacking convictions under § 2119. *See United States v. Parker*, 3 F.4th 178, 181 n.16 (5th Cir. 2021) (noting that *Borden* "does not affect our holding in this matter because Louisiana armed robbery is a 'specific intent crime'"); *United States v. Mack*, 2021 WL 1381122, at *4 n.9 (D.S.C. April 12, 2021) ("The outcome of *Borden* will not impact this case due to A&B 1st's *mens rea* requirement of specific intent.").

To prove carjacking under 18 U.S.C. § 2119, the government must establish that a person "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *Small*, 944 F.3d at 498 (cleaned up). The statute's "*mens rea* component, a specific intent requirement, is satisfied whether the defendant unconditionally or conditionally intended to cause death or serious bodily harm during a carjacking." *Id.* (cleaned up). Therefore, the government must show "that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car...." *Id.* (cleaned up). "[A]n empty threat, or intimidating bluff would be [in]sufficient to satisfy the ... [intent] element." *Holloway*, 526 U.S. at 11.

8

In other words, recklessness is not enough to obtain a conviction for carjacking. *See United States v. Bailey*, 819 F.3d 92, 96-98 (4th Cir. 2016) (holding that evidence of generalized recklessness and desperation, coupled with unconsummated implied threat, provided insufficient evidence to establish that defendant possessed specific intent to kill or seriously harm truck owner when he took control of owner's truck, and thus evidence was insufficient to support defendant's carjacking conviction). Twice since the Fourth Circuit made clear recklessness is not enough to obtain a carjacking conviction, the court has held that carjacking is a crime of violence under the force clause of § 924(c)(3)(A). *Evans*, 848 F.3d 242; *Runyon*, 994 F.3d 201.

Basham may attempt to refute the obvious conclusion that carjacking is a "crime of violence" after *Borden* because it is a specific intent crime. He may argue that *Borden* requires the use of force be purposeful or knowing under the terms of the predicate offense statute if the force clause is to be met and the federal carjacking statute has no requirement that the force and violence referred to in the carjacking statute be purposeful or knowing, or that recklessly and negligently applied force be excluded from that requirement. *See* ECF # 1699, at p.13 (Fulks's supplemental reply). This argument would be wrong.

The carjacking statute requires a defendant have a specific intent: a defendant must have "unconditionally or conditionally intended to cause death or serious bodily harm during a carjacking." *Small*, 944 F.3d at 498. That intent to cause death or serious bodily harm during a carjacking necessarily requires that the force used to accomplish the death or serious bodily injury be intentional, too. In other words, a person cannot intend to cause death or serious bodily harm during a carjacking by "reckless" force. Such a concept is nonsensical. *See United States v. Jenkins*, 719 F. App'x 241, 245 (4th Cir. 2018) ("If a perpetrator specifically intends to 'maim,

9

disfigure, disable or kill,' then as a practical matter, the means employed toward that end will involve violent force. Put differently, it is not plausible that a conviction requiring an intent to kill or severely injure will rest on conduct that is incapable of fulfilling that intent, unless that conduct is accompanied by an "attempt[ ]" or "threat[ ]" to do more serious bodily harm").

This would not be the first case where such argument has been tried and failed. In *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), the Fourth Circuit rejected an almost identical argument. In *Doctor*, the defendant argued that because South Carolina common law robbery did not "contain an explicit *mens rea* requirement as to the force or intimidation element," it lacked the intent requirement needed for it to qualify as a "violent felony" under the force clause of the ACCA. 842 F.3d at 311. The court rejected this argument for two reasons. First, the defendant "fail[ed] to cite a single case in South Carolina where a defendant negligently or recklessly used force in the commission of a robbery, or where a defendant negligently or recklessly intimidated a victim." *Id.* Second, the court found this lack of caselaw "unsurprising because the intentional taking of property, by means of violence or intimidation sufficient to overcome a person's resistance, must entail more than accidental, negligent, or reckless conduct." *Id.* In like manner, Basham would be unable to point to a federal carjacking conviction where a defendant negligently or recklessly used force in the commission of a carjacking, or where a defendant negligently or recklessly intimidated a victim to commit a carjacking. Additionally, as with South Carolina robbery, the taking of a motor vehicle with the intent to cause death or serious bodily harm if needed, must entail more than accidental, negligent, or reckless conduct. *See also United States v. Edwards*, 857 F.3d 420, 425 (1st Cir. 2017) (assault with intent to kill, unlike simple assault, satisfies force clause because intent element makes it "implausible" that convictions will involve

non-violent force); *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (assault with intent to do great bodily harm satisfies force clause because convictions for "nonviolent assault[s]" are not possible when offense "include[s] as an element an intent to do great bodily harm").

> **b.      The Fourth Circuit required a crime of violence to be predicated on a *mens rea* above recklessness when it first held carjacking is a crime of violence, so *Borden* is irrelevant.**

*Borden* has no impact on Fourth Circuit law and does not change carjacking's status as a "crime of violence." In *Borden*, the Court held that the force clause in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i) — a clause that is materially identical to the force clause at issue in this case — does not encompass crimes with a *mens rea* of recklessness. *See Borden*, 141 S. Ct. at 1821. *Borden* explained that a crime that can be accomplished with a *mens rea* of recklessness cannot qualify under the force clause because attempting, threatening, or using force "against ... the person of another" "demands that the perpetrator direct his action at, or target, another individual" and "[r]eckless conduct is not aimed in that prescribed manner." 141 S. Ct. at 1825 (plurality opinion).

The *Borden* decision did not change the Fourth Circuit's case law; the Fourth Circuit has long held that a conviction predicated on a *mens rea* of recklessness does not satisfy the use of physical force requirement of the force clause of § 924(c) and other statutes. In *United States v. McNeal*, 818 F.3d 141, 154–55 (4th Cir. 2016), the Fourth Circuit held that reckless application of force could not qualify as a use of force under 18 U.S.C. § 924(c)(3): "recklessness was not enough." *McNeal*'s holding was consistent with prior Fourth Circuit precedent. The Fourth Circuit in *United States Middleton*, 883 F.3d 485, 498 (4th Cir. 2018), emphasized that

> [t]he word "use" in the ACCA force clause also requires a higher degree of *mens rea* than recklessness. *See United States v. Doctor*, 842 F.3d 306, 311 (4th Cir. 2016); *see also McNeal*, 818 F.3d [141,] 154–56 [(4th Cir. 2016)] (concluding that the force clause under 18

11

U.S.C. § 924(c)(3) requires more than recklessness); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) (stating that, under 18 U.S.C. § 16, "recklessness, like negligence is not enough to support a determination that a crime is a 'crime of violence.' ").

*Id.* (Floyd and Harris, JJ., concurring).

For these reasons, *Borden* is not a change in Fourth Circuit law that would allow the court to revisit its holdings in *Evans* and *Runyon* that carjacking is a crime of violence.

### 2. The jury found Basham guilty of both the carjacking and kidnapping resulting in death of Alice Donovan and the overwhelming weight of the evidence supports the still-valid carjacking predicate.

The evidence (and arguments of counsel) presented in Basham's trial reveals that the kidnapping and the carjacking of Alice Donovan were inextricably intertwined. Additionally, Count 6 of the superseding indictment in this case charged Basham with using and carrying a firearm during and in relation to two predicate crimes of violence: carjacking resulting in death, as charged in Count 1 of the indictment; and kidnapping resulting in death, as charged in Count 2 of the indictment. *See* Superseding Indictment, at pp. 1, 2 and 11. The Court instructed the jury in the guilt phase that "if you find the defendant guilty on either Count 1 or Count 2, the third element [crime of violence] of Count 6 will be met." Vol. XII of trial transcript at. 208. The jury found Basham guilty of all counts in the superseding indictment. Dkt. 766.

As a result of these facts, it strains credulity to conjure a scenario where the jury could have concluded that Basham was guilty of using a firearm in furtherance of the kidnapping resulting in the death of Alice Donovan without also concluding he did so in furtherance of the carjacking resulting in her death when the same jury found Basham guilty of both carjacking resulting in death and kidnapping resulting in death. In short, the carjacking resulting in death and kidnapping resulting in death of Alice Donovan involved the same conduct. Therefore, Basham's § 924 (c)

12

conviction remains valid even if kidnapping resulting in death is no longer a valid predicate crime of violence for § 924(c) purposes after *Borden*.

Recently, the Fourth Circuit held that a defendant's § 924(c) conviction after a jury trial based on a valid and invalid predicate must be upheld if the record clearly establishes that the defendant used a firearm in connection with the valid predicate. *United States v. Ali*, 991 F.3d 561, 572-76 (4th Cir. 2021); *see also United States v. Johnson*, 827 F.App'x 283, 285-86 (4th Cir. 2020). Other courts of appeal have come to the same conclusion. *See e.g.*, *United States v. Eldridge*, 2 F.4th 27, 38-40 (2d Cir. 2021) (upholding § 924(c) conviction because still-valid predicate was "entwined" with other predicates and evidence "left no doubt that jury" would find still-valid predicate supported § 924(c) charge); *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2021) (upholding § 924(c) conviction because jury convicted defendant of both the underlying predicate crimes of violence—armed bank robbery and conspiracy to commit bank robbery); *United States v. Cannon*, 987 F.3d 924, 947-48 (11th Cir. 2020) (upholding § 924(c) conviction because valid and invalid predicate crimes were "intertwined and coextensive").

In *Ali*, the defendant was charged with a § 924(c) violation based on two predicate crimes—Hobbs Act robbery conspiracy and aiding and abetting Hobbs Act robbery. 991 F.3d at 572. The district court instructed the jury that the government did not need to prove both predicate crimes; rather "[o]ne [wa]s sufficient." *Id*. Ali claimed that his § 924(c) conviction had to be vacated because one of the two theories of guilty—Hobbs Act conspiracy—could not serve as a valid predicate for § 924(c). *Id*.  The Fourth Circuit determined that reversal of the § 924(c) conviction was not warranted because of the "overwhelming weight of the evidence" supporting

13

the valid predicate. 991 F.3d at 575-76.[1] Basham's case presents the same situation as in *Ali*. In fact, it presents a stronger case for affirmance of the § 924(c) conviction. First, Basham's indictment and the facts at trial revealed that the two predicates were intertwined and co-extensive. Count 1 and Count 2 both concerned Alice Donovan's abduction in her BMW on November 14, 2002 from the Wal-Mart parking lot in Conway, South Carolina. Second, the jury found Basham guilty of both the underlying carjacking resulting in death charged in Count 1 and the underlying kidnapping resulting in death charged in Count 2. Therefore, this Court "can tell from the verdict form, as well as from the evidence presented at trial, that there was no reasonable possibility that the jury based its § 924(c) conviction only on [kidnapping] as opposed to the [carjacking] count[]." *Wilson*, 960 F.3d at 151; *Cannon*, 987 F.3d at 948 (jury's guilty verdict on both underlying predicate crimes "conclusively establish[ed] that the jury unanimously found beyond a reasonable doubt" that the valid predicate supported the § 924(c) conviction); *see also Granda v. United States*, 990 F.3d 1272, 1289-90 (11th Cir. 2021). Third, the trial evidence established the same facts and time period underlying each crime. The facts supporting the kidnapping and carjacking of Alice Donovan were coextensive. In short, the "trial record makes it abundantly clear that [the two predicate crimes] rested on the same operative facts and the same set of events." *Granda*, 990 F.3d at 1289. When, as here, the two predicate offenses—the carjacking resulting in death and kidnapping resulting in death—are "inextricably intertwined" there can be no doubt that the still-valid carjacking predicate supports the § 924(c) conviction. *See Cannon*, 987 F.3d at 948; *In re*

---

[1] The Fourth Circuit rejected Ali's argument that the court use the modified categorical approach. The court determined it must engage in "a record-intensive factual inquiry." *Id*. at 575; *United States v. Alston*, 855 F.App'x 895 (4th Cir. 2021) ("Identifying the predicate offense supporting a § 924(c) conviction is a fact-intensive inquiry.").

*Navarro*, 931 F.3d 1302 n.2. Finally, and most importantly, Basham conceded that he carjacked Alice Donovan. *Basham*, 561 F.3d at 328 ("Basham admitted to carjacking and kidnapping Donovan during his opening statement"). For these reasons, no reasonable juror could have found that Basham used and carried a firearm in relation to the kidnapping but not the carjacking.

Finally, even if the record were not as clear as it is in the present case, a more ambiguous record would be insufficient to justify vacatur of the § 924(c) conviction. In *Ali*, applying the more stringent plain-error review on direct appeal when a jury's guilty verdict on a § 924(c) count was based on both Hobbs Act robbery and Hobbs Act conspiracy, the Fourth Circuit held reversal of the § 924(c) conviction was unwarranted because of the "overwhelming weight of the evidence" supporting the still-valid predicate. *Ali*, 991 F.3d at 575. And as the Supreme Court explained in *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015),

> For reasons of finality, comity, and federalism, habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 637 (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)). Under this test, relief is proper only if the federal court has "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'" *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). There must be more than a "reasonable possibility" that the error was harmful. *Brecht* at 637. The *Brecht* standard reflects the view that a "State is not to be put to the arduous task [of retrying a defendant] based on mere speculation that the defendant was prejudiced by trial error; the court must find that the defendant was actually prejudiced by the error." *Calderon v. Coleman*, 525 U.S. 141, 146 (1998) (per curiam).

Under plain error-review on direct appeal or the *Brecht* "substantial and injurious effect or influence" standard on collateral review, "ambiguity is insufficient" to obtain relief. *See Ali*, 991 F.3d at 575 (citing *Hedgpath v. Pulido*, 555 U.S. 57, 61 (2008)). Instead, the Court must have

15

"grave doubt" about whether an error of federal law had "substantial and injurious effect or influence in" the outcome. There must be more than a "reasonable possibility" that the error was harmful. *Davis*, 576 U.S. at 267-68. That is certainly not the case here.

**C.     Basham's Death Sentences Are Still Valid Even If His § 924(c) Conviction Were Vacated.**

Finally, even if this Court were to vacate Basham's § 924(c) conviction, the only appropriate result would be for this Court to exercise its discretion and leave in place Basham's death sentences under Counts 1 and 2.  This is so because "the goal of § 2255 review is to place the defendant "in exactly the same position he would have been" had there been no error in the first instance." *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).  The jury returned independent verdicts of death on Count 1 (carjacking resulting in death) and Count 2 (kidnapping resulting in death), and the district court imposed independent, concurrent death sentences on those counts, independent of the sentences on the other non-capital offenses, including Count 6. Additionally, the Court instructed the jury that only Counts 1 and 2 were the basis for a possible death sentence.  Furthermore, the § 924(c) count did not result in the admission of any additional prejudicial evidence against Basham because the § 924 charges arose from the same set of facts as the carjacking resulting in death and kidnapping resulting in death charges.  The exact same evidence would have been presented against Basham even if he had not been charged with a violation of § 924(c).  In short, the § 924(c) charge caused no additional evidence to be introduced in Basham's sentencing phase. For these reasons, no matter the validity of the § 924(c) conviction, this Court should exercise its discretion and leave in place Basham's death sentences under Counts 1 and 2. *See, e.g.*, *United States v. Chaney*, 911 F.3d 222, 226 (4th Cir. 2018) (holding that it was not an abuse of discretion for a district court "to strike [a] conviction and sentence but to leave the

16

sentences on the other two counts alone, thereby 'indicat[ing] that it was satisfied with the resulting sentence' " (quoting *Hadden*, 475 F.3d at 669)).

## III.     **CONCLUSION**

For all these reasons, Basham's § 2255 motion must be denied and dismissed. In the alternative, even if this Court were to vacate Basham's § 924(c) conviction, the only appropriate result would be for this Court to exercise its discretion and leave in place his death sentences.

Respectfully submitted,

M. RHETT DEHART
ACTING U.S. ATTORNEY

/s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (ID # 6460)
Assistant United States Attorney
U.S. Attorney's Office
1441 Main Street, Suite 500
Columbia, SC 29201
Tel. (803) 929-3000
Fax (803) 254-2912
Email: Bob.Daley@usdoj.gov

September 14, 2021

17