IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | **CAPITAL CASE** |
| | ) | |
| Defendant-Petitioner. | ) | |

## PETITIONER'S (Basham) SUPPLEMENTAL MEMORANDUM OF LAW REGARDING *BORDEN V. UNITED STATES*

JON M. SANDS
Federal Public Defender

Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, Arizona 85701
Tel: (520) 879-7622
Leticia_Marquez@fd.org
Lindsey_Layer@fd.org


*Attorneys for Petitioner*

TABLE OF CONTENTS

I.    Introduction.................................................................................................3

II.   Procedural/Relevant history ....................................................................3

III.  Argument ...................................................................................................6

      A.    *Borden* confirms that carjacking resulting in death and
            kidnapping resulting in death categorically fail to qualify as
            "crimes of violence" under the force clause of § 924(c)(3)(A) ............6

            1.    The presence of the "resulting in death" component does
                  not satisfy *Borden*'s mens rea requirement................................7

            2.    The force clause cannot be satisfied based on the finding
                  of a death-eligibility factor...........................................................7

            3.    Mr. Basham's claim for relief is not hypothetical ......................9

            4.    The carjacking predicate cannot independently support
                  Mr. Basham's conviction under § 924(c) ...................................9

            5.    Even if this Court finds that carjacking is a crime of
                  violence, it cannot support Mr. Basham's conviction ..............11

      B.    Mr. Basham's death sentence should be vacated ...............................12

IV.   Conclusion ...............................................................................................13

## I.      Introduction

On June 17, 2016, the Fourth Circuit granted Mr. Basham's request to file a successive § 2255 motion, based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 1615.) Mr. Basham argued that his 18 U.S.C. § 924(c) and § 924(o) convictions should be vacated because *Johnson* invalidated the statute's "residual clause" and furthermore, his convictions cannot be upheld under the "force clause," so he should be resentenced. *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). The Supreme Court's recent decision *Borden v. United States*, 141 S. Ct. 1817 (2021), supports Mr. Basham's prior arguments that neither the federal kidnapping statute nor the federal carjacking statute requires the purposeful or knowing use, attempted use, or threatened use of violent force and that neither predicate offense is a crime of violence under the force clause. In addition to the arguments set forth herein, Mr. Basham relies on the arguments and authorities set forth in his prior pleadings. (*See* ECF Nos. 1616, 1634, 1669, 1679.)

## II. Procedural and Relevant History

On September 30, 2004, Mr. Basham was convicted of eight counts, including carjacking resulting in death (Count One), kidnapping resulting in death (Count Two) and possession of a firearm in furtherance of those crimes (Count Six). *See*

*United States v. Basham*, 561 F.3d 302, 314-15 (4th Cir. 2009). Mr. Basham was also convicted of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312 (Count three); conspiracy, in violation of 18 U.S.C. § 371 (Count Four); conspiracy, in violation of 18 U.S.C. § 924(o) (Count Five); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven); and possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (Count Eight). Mr. Basham was sentenced to death by lethal injection on Counts One and Two, and to various terms totaling 744 consecutive months on the remaining counts, including 240 months on Count Five, conspiracy to use and carry firearms in relation to and to possess firearms in furtherance of a "crime of violence" under 18 U.S.C. § 924(o), and 84 months on Count 6, using, carrying, and possessing a firearm during or in relation to a "crime of violence" under § 924(c). *See Basham,* 561 F.3d at 316. The Fourth Circuit Court of Appeals affirmed Mr. Basham's convictions and sentences. *Id*. at 339. The United States Supreme Court denied Mr. Basham's petition for writ of certiorari. *Basham v. United States*, 560 U.S. 938 (2010).

On June 17, 2016, the Fourth Circuit granted Mr. Basham's request to file a successive § 2255 motion, based on the Supreme Court's decision in *Johnson*. (ECF No. 1615.) In that motion, Mr. Basham argued that his 18 U.S.C. § 924(c) and § 924(o) convictions should be vacated because *Johnson* invalidated the statute's

"residual clause" and furthermore, his convictions cannot be upheld under the "force clause," so he should be resentenced.

The government filed a motion to dismiss the successor (ECF No. 1627), and Mr. Basham filed a response in opposition to the government's motion (ECF No. 1634). This Court then ordered the case to be stayed pending the Supreme Court's decision in *Dimaya*, and again pending decisions from the Fourth Circuit in *Simms*, and the Supreme Court in *Davis*. (ECF Nos. 1640, 1650, 1653.) The Supreme Court issued its opinion in *Davis* on June 24, 2019, and the Fourth Circuit's mandate issued in *Simms* on July 22, 2019. Mandate, *United States v. Simms*, No. 15-4640 (4th Cir. July 22, 2019), ECF No. 95. The Supreme Court in *Davis* followed its reasoning in *Johnson* and concluded, as did the Fourth Circuit, that § 924(c)'s residual clause is unconstitutionally vague and therefore void.

Mr. Basham filed supplemental briefing on the impact of *Davis* on October 1, 2019, (ECF No. 1669), as did the government, (ECF Nos. 1667, 1668). Mr. Basham moved this Court for permission to respond to new arguments raised by the government in its Davis brief and this Court granted that request. (ECF Nos. 1671, 1673.) Mr. Basham filed that brief on December 6, 2019. (ECF No. 1679.)

This Court then stayed these proceedings on August 28, 2020, pending the Supreme Court's disposition of *Borden*, (ECF No. 1693), which was decided June 10, 2021. Subsequently, this Court ordered all parties to submit an optional

supplemental brief on the impact of *Borden* on this case within 21 days. (ECF No.1695.) Mr. Basham requested a 45-day extension of time to file the supplemental brief, which was granted by this Court. (ECF Nos. 1696, 1697.) Mr. Basham submits this supplemental brief pursuant to this Court's aforementioned orders.

## III. Argument

When deciding whether an offense qualifies as a "crime of violence" under the "force" clause, courts must employ the categorical approach. *See Descamps v. United States*, 570 U.S. 254, 260 (2013). This approach requires that courts "look only to the statutory definitions – *i.e.*, the elements – of a defendant's [offense], and not 'to the particular facts underlying [the offense]'" in determining whether the offense qualifies as a "crime of violence." *Id.* at 261 (citation omitted); *see also Simms*, 914 F.3d at 233. "An offense does not qualify as a 'violent felony' unless the *least* serious conduct it covers falls within the elements clause." *Borden*, 141 S. Ct. at 1832 (plurality) (emphasis in original).

> **A.** ***Borden* confirms that carjacking resulting in death and kidnapping resulting in death categorically fail to qualify as "crimes of violence" under the force clause of § 924(c)(3)(A)**

*Borden* confirms that in order to satisfy the force clause of § 924(c), the use of force must be purposeful or knowing under the terms of the predicate offense's statute and cannot be met through reckless conduct. 141 S. Ct. at 1825. The force clause of § 924(c) defines a violent felony as a crime that "has as an element the use,

6

attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(c)(3)(A). *Borden* held that a violent felony under the "force clause" of the Armed Career Criminal Act ("ACCA"), which is nearly identical to the force clause contained in § 924(c), is not satisfied by the reckless use of violent force. 141 S. Ct. at 1821. Thus, under *Borden*, a predicate offense does not satisfy § 924(c)(3)(A) unless it requires the purposeful or knowing use of violent force.

### 1. The presence of the "resulting in death" component does not satisfy *Borden*'s mens rea requirement

The government has argued that the presence of a "resulting in death" component satisfies § 924(c)'s force clause because it requires a causal connection between the offense and the death. (ECF No. 1668 at 29.) *Borden* makes clear that a causal connection is not enough. The force clause "covers purposeful and knowing acts, but excludes reckless conduct." *Borden*, 141 S. Ct. at 1826. The statutes at issue here, however, require only that "the death of any person results." 18 U.S.C. § 1201(a); *see also* 18 U.S.C. § 2119(3). The death need not have been intentional, nor must the decedent have been the target of the predicate offense. Thus the "resulting in death" component cannot satisfy the requirements of *Borden*.

### 2. The force clause cannot be satisfied based on the finding of a death-eligibility factor

In its motion to dismiss the government argued that because the jury found the threshold eligibility for the death penalty under 18 U.S.C. § 3591(a)(2), it

necessarily must have found the requisite intent to satisfy the force clause. (ECF No. 1668 at 30.) *Borden* makes clear that the proper analysis is "whether the *elements* of the statute of *conviction*" satisfy the force clause. 141 S. Ct. at 1822. (emphasis added). In other words, the question is whether the statute itself includes the requisite mens rea, not whether one can infer it existed based on the facts of any given case. *Id*. at 1822.

Furthermore, the eligibility factors in § 3591 are not considered until the penalty phase, after the defendant has already been convicted of the underlying offense. *See* 18 U.S.C. § 3591(a)(2) (stating the determination on threshold factors shall be made "at the hearing under section 3593"); 18 U.S.C. § 3593 (setting forth procedures for "a separate sentencing hearing to determine the punishment to be imposed" that occurs after a finding of guilt has been reached).

Importantly, in Mr. Basham's case the jury found the threshold factor under § 3591(a)(2)(D), which did not include the mens rea required under *Borden*. The factor states only that the defendant "intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act[.]" 18 U.S.C. § 3591(a)(2)(D). Although § 3591(a)(2)(D) requires an intentional act of violence, it does not require that "the perpetrator direct his action at, or target,

8

another individual." *Borden*, 141 S. Ct. at 1825; *see also id*. at 1826 (requiring a person be "the conscious object (not the mere recipient) of the force"). The language of § 3591(a)(2)(D) does not require more than reckless conduct and therefore could not satisfy the requirements of *Borden*, even if consideration of the factor were appropriate.

### 3. Mr. Basham's claim for relief is not hypothetical

The government argues that Mr. Basham is required to cite an example in which kidnapping resulting in death was upheld without the use of force. (ECF No. 1668 at 32.) The Court's decision in *Borden*, however, does not support this argument. Instead, *Borden* affirms that an offense is not a violent felony "unless the *least* serious conduct it covers falls within the elements clause." *Borden*, 141 S. Ct. at 1832; *see also id*. at 1822 ("If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as an ACCA predicate."). Indeed, the *Borden* plurality itself based its analysis on hypothetical scenarios rather than actual convictions. Accordingly, the *Borden* decision refutes the government's position.

### 4. The carjacking predicate cannot independently support Mr. Basham's conviction under § 924(c)

The government has "presume[d] without conceding that kidnapping resulting in death no longer qualifies a predicate crime of violence for purposes of §§ 924(c)

and (o) in light of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021)." (ECF No. 1698 at 3.) Carjacking, the government has argued, is still a valid predicate under *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017). (ECF No. 1698 at 4-5.) Following *Borden*, however, the Fourth Circuit's decision in *Evans* no longer supports the government's argument.

In *Evans*, the court considered whether carjacking by intimidation was a crime of violence. The court held that the term "intimidation" as used in the statute "necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)." *Evans*, 848 F.3d at 247. But under *Borden*, the existence of violent force, or the threat thereof, is not enough. As the Court explained, the "use" of violent force "requires a volitional act, but not a purposeful or knowing *mens rea*." *Borden*, 141 S. Ct. at 1833. The mens rea requirement, the court explained, "does not come from the word 'use.' It instead comes from [the] modifying language . . . 'against the person of another.'" *Id*. Thus, the Fourth Circuit's decision in *Evans* cannot establish that carjacking is a crime of violence. For the reasons discussed in Mr. Basham's petition, under the categorical approach carjacking does not satisfy the force clause.[1] (*See* ECF No. 1616 at 15-26.)

---

[1] For the reasons discussed above, the "resulting in death" aspect of the carjacking offense does not change the analysis.

### 5. Even if this Court finds that carjacking is a crime of violence, it cannot support Mr. Basham's conviction

The government alleged Mr. Basham violated § 924(c) with respect to both carjacking and kidnapping resulting in death. (ECF No. 73.) Jurors were not told they must be unanimous as to which predicate offense they found, nor did the verdict form specify how many jurors found each predicate. (*See* ECF No. 1616 at 31.) Absent any support, it is unreasonable to presume that jurors were unanimous as to both predicates, particularly when they were not instructed that such unanimity was required. Under these circumstances, if this court finds that either carjacking resulting in death or kidnapping resulting in death is not categorically a crime of violence, then Mr. Basham's conviction under §924(c) must be void.

The government has argued "there is no reasonable construction of the evidence that would lead to the conclusion that the use of the firearm related only to the kidnapping of Alice Donovan and not also to the carjacking of Alice Donovan." (ECF No. 1668 at 37.) The government is incorrect. In particular, there is no way to know whether jurors found the very element at issue in determining whether the force clause is satisfied—the "intent to cause death or serious bodily harm"—was met here because the kidnapping statute does not contain any mens rea requirement at all. Thus, if either kidnapping or carjacking is found not to be a crime of violence under the force clause, the conviction must be vacated.

11

### B.     Mr. Basham's death sentence should be vacated

As Mr. Basham has argued previously, it is not possible to determine "with certainty" that Mr. Basham's invalid § 924(c) conviction did not influence jurors' decision to impose a death sentence. *Strader v. Troy*, 571 F.2d 1263, 1267 (4th Cir. 1978). The Court repeatedly told jurors to consider all of the evidence from the guilt phase. (*See* ECF No. 1679 at 9-11 and transcripts cited therein.) The prosecutor similarly emphasized the convictions from the guilt phase, in particular the firearms convictions. (*Id.*)

The government has argued the § 924(c) conviction did not require the admission of any additional evidence and was therefore not prejudicial. (ECF No. 1668 at 43; ECF No. 1698 at 8.) In cases regarding invalid aggravating factors the Supreme Court has illustrated why this reasoning fails. For example, in *Maynard v. Cartwright*, 486 U.S. 356, 363 (1988), the Court "rejected the submission that a particular set of facts surrounding a murder, however shocking they might be, were enough in themselves . . . to warrant the imposition of the death penalty." *See also Brown v. Sanders*, 546 U.S. 212, 221 n.7 (2006) ("[T]he sentencer's consideration of improper evidence is an error distinct from the one at issue here and in *Clemons*, to wit, the jury's weighing in favor of death a factor that should not have been part of its calculus."); *cf. United States v. McCullah*, 76 F.3d 1087, 1112 (10th Cir. 1996) ("[T]he mere finding of an aggravating factor cannot but imply a qualitative value

12

to that factor."). The consideration of an invalid conviction in the sentencing calculus, similar to consideration of an invalid aggravator, places a "thumb [on] death's side of the scale" and "creates the risk that the jury will treat the defendant as more deserving of the death penalty than he might otherwise be[.]" *Stringer v. Black*, 503 U.S. 222, 235, 243 (1992). In such circumstances, "[t]he possibility that petitioner's jury conducted its task improperly certainly is great enough to require resentencing." *Mills v. Maryland*, 486 U.S. 367, 384 (1988).

## IV. Conclusion

For the foregoing reasons, as well as those set forth in prior pleadings, Mr. Basham respectfully requests that this Court grant his § 2255 motion for relief from his unconstitutional convictions under § 924(c) and § 924(o) and that his death sentence be vacated, and a new penalty phase be ordered.

Respectfully submitted this 14th day of September, 2021.

Jon M. Sands
Federal Public Defender
Leticia Marquez
Assistant Federal Public Defender
Lindsey Layer
Research & Writing Specialist


By /s/ Leticia Marquez
Counsel for Defendant-Petitioner

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2021, I electronically filed the foregoing Petitioner's (Basham) Supplemental Memorandum of Law Regarding *Borden v. United States* with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the CM/ECF system.


/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona