IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | Hon. Joseph F. Anderson, Jr. |
| | ) | United States District Judge |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | CAPITAL CASE |
| | ) | |
| Defendant-Petitioner. | ) | |

## UNOPPOSED MOTION TO HOLD PROCEEDINGS IN ABEYANCE PENDING THE OUTCOME OF *UNITED STATES V. TAYLOR*

**Relevant Background and Discussion**

Petitioner Brandon Basham, through undersigned counsel, respectfully moves this Court to hold this case in abeyance pending the outcome of *United States v. Taylor*, No. 20-1459, which is currently before the United States Supreme Court. On July 2, 2021, the Supreme Court granted certiorari in *Taylor*, in order to decide "[w]hether 18 U.S.C. 924(c)(3)(A)'s definition of 'crime of violence' excludes attempted Hobbs Act robbery, in violation of 18 U.S.C. 1951(a)." The case has been argued and submitted.

Counsel for Mr. Basham has contacted counsel for Respondent, Kathleen Stoughton, who indicated that the Government does not object to this Court holding the case in abeyance until the Supreme Court issues a decision in *Taylor*.

On March 22, 2022, this Court issued an order allowing the parties to file supplemental briefing in this matter as to the impact of the Fourth Circuit's recent order in *United States v. Dickerson*, No. 20-6578 and *United States v. Ogun*, No. 16-7450. (ECF No. 1710.) Counsel for Mr. Basham moved for an extension of time to file the supplemental brief, which this Court granted. (ECF Nos. 1712, 1714.) The supplemental brief is currently due on May 23, 2022.

1

In preparing the supplemental brief Mr. Basham has learned of the certiorari grant in *United States v. Taylor*, No. 20-1459. Further research revealed that although the certiorari question deals with a Hobbs Act robbery, the outcome of *Taylor* could impact the issue pending before this Court. In fact, the government conceded during oral argument that: "the logic of this [*Taylor*] decision would naturally lend itself -- naturally apply to many other predicate offenses. (Transcript of Oral Argument at 36:7-9; https://www.supremecourt.gov/oral_arguments/argument_transcripts/2021/20-1459_i4dk.pdf.)

As stated above, *Taylor* has been submitted and the Supreme Court's decision is imminent, therefore any abeyance would be short-lived. Any relevant briefing as to the impact of Taylor on this matter, can be consolidated with the previously ordered *Dickenson* and *Ogun* supplemental brief.

**Conclusion**

The Supreme Court's decision in *Taylor* will directly impact Mr. Basham's case. Accordingly, Mr. Basham respectfully requests this Court continue to hold this case in abeyance, pending a decision from the Supreme Court in *Taylor*.

Respectfully submitted this 16th day of May, 2022.

> Jon M. Sands
> Federal Public Defender
> Leticia Marquez
> Lindsey Layer
> Assistant Federal Public Defenders
>
> By *s/Leticia Marquez*_____
> Counsel for Defendant-Petitioner

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2022, I electronically filed the foregoing

Response to Order for Briefing with the Clerk's Office by using the CM/ECF system. I certify that

all participants in the case are registered CM/ECF users and that service of this document will be

accomplished by the CM/ECF system.


/s/Leticia Marquez
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona