IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 4:02-CR-00992-JFA |
| Plaintiff-Respondent, | | |
| *versus* | | |
| BRANDON L. BASHAM, | | |
| Defendant-Petitioner. | | |

### GOVERNMENT'S RESPONSE TO BASHAM'S SUPPLEMENTAL MEMORANDUM REGARDING *UNITED STATES V. TAYLOR*, *UNITED STATES V. DICKERSON*, AND *UNITED STATES V. OGUN*

Petitioner Brandon L. Basham's motion to correct his sentence under 28 U.S.C. § 2255 should be denied. As explained below, and in the Government's previous filings in this matter, Basham's convictions under 18 U.S.C. §§ 924(c) and (o) are based on carjacking resulting in death, which remains a § 924(c) predicate crime of violence. Basham is therefore not entitled to relief.

## I.    PROCEDURAL HISTORY

In September 2004, a jury convicted Basham of all eight counts contained in a Superseding Indictment against him. ECF No. 766. As relevant here, those charges included: Count One, carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); Count Two, kidnapping resulting in death, in violation of 18 U.S.C. § 1201; Count Five, conspiracy to use and carry firearms during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(o); and Count Six, using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF No. 1668-1. The crimes of violence underlying the Count Five and Six convictions were the kidnapping resulting in death and carjacking resulting in death charged in Counts One and Two.

The jury rendered separate verdicts of death on Counts One and Two.  ECF Nos. 805, 806. The Court imposed concurrent sentences of death on those counts and a consecutive 660 months in prison for the other six counts.  ECF No. 886.  That included 240 months on the § 924(o) conviction and 84 months on the § 924(c) conviction.  *Id.*

The Fourth Circuit affirmed Basham's convictions and sentence.  ECF No. 1162.  This Court denied his first motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 1577, and the Fourth Circuit affirmed, ECF No. 1606.

In June 2016, the Fourth Circuit authorized Basham to file a second § 2255 motion.  ECF No. 1615.  The same day, the district court docketed his motion to vacate his § 924(c) conviction. ECF No. 1616.  Basham asserted that his conviction was no longer supported by valid predicate crimes of violence because the § 924(c) residual clause is unconstitutional and neither possible predicate—kidnapping resulting in death and carjacking resulting in death—is categorically a crime of violence.  *Id.* at 1–2.  He argued that if *either* of his predicate offenses did not qualify as a crime of violence, his § 924(c) conviction must be vacated.  *Id.* at 31.  And he claimed that the invalidation of his § 924(c) conviction "requires that he be resentenced on Counts 1 and 2, as well as on the additional convictions."  *Id.* at 36.

The Government moved to dismiss the § 2255 motion.  ECF No. 1627.  Basham's claim was based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016), which applied to the residual clause in the Armed Career Criminal Act—not to § 924(c), which was Basham's statute of conviction.  *See id.* at 1–2.  The Supreme Court had not yet declared § 924(c)'s residual clause unconstitutional, so Basham's claim was untimely.  *Id.* at 3.  Basham responded in opposition to the Government's motion to dismiss.  ECF No. 1634.

2

The Court then held the § 2255 motion in abeyance pending resolution by the Supreme Court of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), ECF No. 1640; *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), ECF No. 1650; and *United States v. Davis*, 139 S.Ct. 2319 (2019), ECF No. 1653. *Davis* held § 924(c)(3)(B)'s residual clause is unconstitutional. 139 S.Ct. at 2323–24.

The Government filed a second motion to dismiss or, in the alternative, for summary judgment. ECF No. 1667. It argued kidnapping resulting in death and carjacking resulting in death remain predicate crimes of violence under § 924(c)'s elements clause even after *Davis*. ECF No. 1668 at 27–33. Assuming kidnapping resulting in death were not a valid predicate, the Government argued Basham's § 924(c) conviction is still supported by the carjacking resulting in the death of Alice Donovan. *Id.* at 33–37. And it asserted that even if the conviction were vacated, the appropriate remedy would be to vacate only the sentence for that count. *Id.* at 38–44. In the alternative, the Government argued that Basham's *Davis* claim should be dismissed because it was procedurally defaulted. *Id.* at 45 n.11.

Basham filed a supplemental brief in support of his § 2255 motion based on *Davis*. ECF No. 1669. He asserted for the first time that the Court should vacate his § 924(c) conviction *and* his § 924(o) conviction. *Id.* at 1 n.2. He again argued neither kidnapping nor carjacking is a crime of violence, *id.* at 7–10, and that if *either* is an invalid predicate, his §§ 924(c) and (o) convictions must be vacated, *id.* at 10–11. And he maintained that he was entitled to a new sentencing on all remaining counts. *Id.* at 13–15.

Basham also responded in opposition to the Government's second motion to dismiss. ECF No. 1679. He renewed his claim that kidnapping resulting in death is not a crime of violence under the force clause, and he argued that defect alone warranted relief from his §§ 924(c) and (o)

convictions. *Id.* at 7–8. He again contended his invalid §§ 924(c) and (o) convictions entitled him to a new penalty phase. *Id.* at 9–11. And he argued his *Davis* claim was not procedurally defaulted. *Id.* at 11. The Government replied in support of its second motion to dismiss. ECF No. 1688.

The Court then stayed these proceedings pending resolution by the Supreme Court of *Borden v. United States*, 141 S.Ct. 1817 (2021). ECF No. 1693. *Borden* held the Armed Career Criminal Act's elements clause—which requires the use, attempted use, or threatened use of physical force "against the person of another"—does not include offenses criminalizing reckless conduct. 141 S.Ct. at 1825 (plurality opinion).

The Government filed a supplemental brief in support of the second motion to dismiss in which it presumed, without conceding, that kidnapping resulting in death no longer qualifies as a crime of violence. ECF No. 1705 at 5–6. Nonetheless, the Government argued, Basham's §§ 924(c) and (o) convictions are still valid because they are based on carjacking resulting in death. *Id.* at 6–16. And even if those convictions must be vacated, the Government again contended that vacatur of Basham's death sentences would not be the appropriate remedy. *Id.* at 16.

Basham also filed a supplemental brief regarding *Borden*. ECF No. 1706. He maintained that neither kidnapping resulting in death nor carjacking resulting in death is a predicate crime of violence under § 924(c)'s elements clause. *Id.* at 6–10. And he again disputed that carjacking alone could support his § 924(c) conviction and asked the Court to vacate his death sentences. *Id.* at 11–13.

The Court then stayed these proceedings pending resolution of *United States v. Dickerson and Ogun*, Nos. 20-6578, 16-7450, 2022 WL 843899 (4th Cir. Mar. 22, 2022) (unpublished), and *United States v. Taylor*, 142 S.Ct. 2015 (2022). ECF Nos. 1708, 1717. Basham has filed a supplemental brief based on these cases. ECF No. 1723.

Now pending before the Court are Basham's second § 2255 motion, ECF No. 1616; the Government's first motion to dismiss, ECF No. 1627; and the Government's second motion to dismiss, ECF No. 1667.

Because *Davis* held § 924(c)'s residual clause is unconstitutional while Basham's § 2255 motion was pending, the Government's first motion to dismiss should be denied. The Government's second motion to dismiss should be granted. The remaining issues are (1) whether carjacking resulting in death is a predicate crime of violence, (2) assuming it is, whether Basham's §§ 924(c) and (o) convictions were based on the carjacking resulting in the death of Alice Donovan, and (3) assuming it is not, whether the proper remedy is to vacate Basham's sentences on these counts or to vacate his sentences on all counts of conviction. This brief addresses only the arguments Basham raised in his most recent filing. *See* ECF No. 1723. In all other respects, except as otherwise noted herein, the Government renews its prior arguments that carjacking (and carjacking resulting in death) has as an element the intentional use, attempted use, or threatened use of force, *see, e.g.*, ECF No. 1668 at 27–33; ECF No. 1705 at 6–12; that Basham's §§ 924(c) and (o) convictions are still valid because they were based on both kidnapping resulting in death and carjacking resulting in death, *see, e.g.*, ECF No. 1668 at 33–37; ECF No. 1688 at 5–9; ECF No. 1705 at 12–16; and that any vacatur of Basham's §§ 924(c) and (o) convictions should result in the vacatur of only the sentences on those counts, *see, e.g.*, ECF No. 1668 at 38–44; ECF No. 1688 at 9–13; ECF No. 1705 at 16–17.[1]

---

[1] In *United States v. Jackson*, 32 F.4th 278, 283 n.3 (4th Cir. 2022), the Fourth Circuit held *Davis*' new rule of constitutional law made retroactive on collateral review defeated the Government's procedural default argument. The Government therefore no longer argues Basham's claim is procedurally defaulted.

II.     **CARJACKING RESULTING IN DEATH IS A § 924(c) PREDICATE CRIME OF VIOLENCE.**

Carjacking resulting in death is a § 924(c) predicate crime of violence that supports Basham's §§ 924(c) and (o) convictions.[2]  Both statutes impose liability on those who use or carry a gun during and in relation to, or possess a gun in furtherance of, a crime of violence.  18 U.S.C. §§ 924(c)(1)(A), (o).  Under the § 924(c) elements clause at issue in this case, a crime of violence is an offense that is a felony and "has an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

Courts employ a categorical approach to determine whether a predicate offense constitutes a crime of violence, "look[ing] exclusively to the elements of the [predicate] offense rather than the conduct underlying" it.  *United States v. Barcenas-Yanez*, 826 F.3d 752, 756 (4th Cir. 2016) (cleaned up).  To qualify as a crime of violence under the elements clause, a crime must require both a sufficient use of force under *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010), and a sufficient degree of intent under *Borden*, 141 S.Ct. at 1825 (plurality opinion).  Carjacking resulting in death meets both requirements:  it requires the intentional use, attempted use, or threatened use of force.

---

[2] In his most recent filing, Basham asserts that in his successive § 2255 motion filed in June 2016, he "argued that his 18 U.S.C. § 924(c) and § 924(o) convictions should be vacated."  ECF No. 1723 at 1.  But as Basham has previously acknowledged, his successive § 2255 motion challenged only his § 924(c) conviction.  *See* ECF No. 1669 at 1 n.2 ("Mr. Basham did not include his conviction under § 924(o) in his initial § 2255 motion.").  Basham did not argue his § 924(o) conviction is invalid until his supplemental brief regarding *Davis* was filed in October 2019.  *See id.*  Nonetheless, because the same analysis applies to Basham's §§ 924(c) and (o) convictions, and because he is not entitled to relief under any of his arguments, the Government presumes both claims were timely raised.

6

**A. Carjacking resulting in death requires a sufficient use of force to be deemed a crime of violence.**

Binding Fourth Circuit precedent forecloses Basham's claim that carjacking resulting in death can be committed without the use, attempted use, or threatened use of force. In *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017), the Fourth Circuit held "the carjacking statute includes the statutory element of 'by force and violence or by intimidation.'" And "the term 'intimidation' used in this context means a threat of violent force." *Id.* Thus, the Court concluded, carjacking is categorically a § 924(c) crime of violence. *Id.* at 247–48; *see also United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021). Carjacking resulting in death cannot, as Basham claims, be committed without the actual use, attempted use, or threatened use of force.

Like the defendant in *Evans*, Basham relies on the Fourth Circuit's decision in *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012), to argue that the threat of physical injury "does not necessarily require the use of physical force—let alone 'violent force.'" ECF No. 1723 at 14. *Evans* directly rejected this argument. 848 F.3d at 247. It explained that "unlike the statute at issue in *Torres-Miguel*, the carjacking statute includes the statutory element of 'by force and violence or by intimidation,'" and "the term 'intimidation' used in this context means a threat of violent force.'" *Id.* Thus, the court held, "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, *necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)*." *Id.* (emphasis added). Under *Evans*, carjacking categorically requires the use, attempted use, or threatened use of physical force, and it is a § 924(c) predicate crime of violence.

The Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022), does not abrogate *Evans*. In *Taylor*, the Supreme Court held attempted Hobbs Act robbery is not a § 924(c) predicate crime of violence because it does not have as an element the use, attempted use, or

7

threatened use of physical force.  It explained that an attempted Hobbs Act robbery can be committed if (1) the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a "substantial step" toward that end.  *Id.* at 2020.  And "whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property."  *Id.*  *Taylor* is irrelevant to Basham's case because Basham was not convicted of an attempt crime.  He was convicted of carjacking resulting in death.[3]

Binding Fourth Circuit precedent establishes that carjacking requires at least the threatened use of physical force.  Basham's §§ 924(c) and (o) convictions are still intact, and his claim should be denied.

**B. Carjacking resulting in death requires a sufficient intent to be deemed a crime of violence.**

Binding Fourth Circuit precedent also forecloses Basham's claim that carjacking resulting in death can be committed by less than intentional conduct.  In *United States v. McNeal*, 188 F.3d 141, 155–56 (4th Cir. 2016), the Fourth Circuit made clear that, "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use,

---

[3] Unlike his codefendant, Basham has not argued that the carjacking statute is indivisible or that carjacking can be committed by attempting to threaten to use force.  *See* ECF No. 1722 (Fulks' supplemental brief based on *Taylor*) at 3–6.  Any such claim should therefore be deemed waived.  *See Ham v. Stephan*, No. 6:18-cv-1673-JMC, 2019 WL 4010421, at *2 (D.S.C. Aug. 26, 2019) (noting in parenthetical, "It is well settled that arguments raised for the first time in a reply brief are waived." (quoting *United States v. Drennan*, 121 F.3d 701, 1997 WL 543379, at *5 (4th Cir. Sept. 5, 1997)).  Additionally, for the reasons explained in the Government's response to Fulks' supplemental brief, *see* ECF No. 1728, that argument is meritless.

*Taylor* did, however, undercut the use of the "realistic probability" test when evaluating federal statutes.  *See* 142 S.Ct. at 2025.  Based on this portion of *Taylor*, the Government withdraws its argument that Basham must point to a case in which kidnapping resulting in death or carjacking resulting in death was prosecuted despite there being no use, attempted use, or threatened use of physical force.  *See, e.g.*, ECF No. 1668 at 32.

or attempted use of physical force." It determined that "intimidation" under the bank robbery statute met that requirement. *Id.* at 155. Then in *Evans*, the Fourth Circuit held the phrase "by force and violence, or by intimidation" in the carjacking statute is substantively the same as in the bank robbery statute. 848 F.3d at 246–47. And as explained above, *Evans* held carjacking is a predicate crime of violence. *Id.* at 247–48. *Borden* does not affect *McNeal* or *Evans*.

In *Borden*, the Supreme Court held an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under the Armed Career Criminal Act. 141 S.Ct. 1817 (2021) (plurality opinion). The ACCA's use of the phrase "physical force against the person of another" "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner." *Id.* at 1825 (plurality opinion). Instead, the ACCA's force clause is "best understood" to cover crimes involving "a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Id.* at 1830 (plurality opinion).

Another court in this District has already rejected the contention that *Borden* compels a finding that carjacking is not a § 924(c) crime of violence. In *Vaughan v. United States*, No. 2:94-cr-511-RMG, 2021 WL 4993537, at *4 (D.S.C. Oct. 27, 2021), the court concluded the 1992 version of the federal carjacking statute could not be committed recklessly. The court recognized that "*Borden* did not change Fourth Circuit law." *Id.*

It looked first to *McNeal*, where the Fourth Circuit concluded "recklessness was not enough" to qualify as a use of force under § 924(c). *Id.* (citing *McNeal*, 818 F.3d at 155). Under *McNeal*, federal bank robbery by intimidation is a crime of violence because "the government must prove not only that the accused *knowingly* took property, but also that *he knew* that his actions were objectively intimidating." *McNeal*, 818 F.3d at 155 (emphasis added). Thus, the Fourth

Circuit concluded, federal bank robbery required "*either specific intent or knowledge* with respect to the use, threatened use, or attempted use of physical force." *Id.* at 155–56 (emphasis added).

The court in *Vaughan*, like the Fourth Circuit in *Evans*, determined that the "intimidation" required by the carjacking statute is "the same as the 'intimidation' required by the federal bank robbery statute."[4] 2021 WL 4993537, at *5; *see Evans*, 848 F.3d at 246–47. Therefore, *Vaughan* held, "like federal bank robbery, carjacking (1992 version) by intimidation meets the *mens rea* threshold set by *Borden*." 2021 WL 4993537, at *5.

The conditional intent element added to the carjacking statute in 1994 bolsters *Vaughan*'s analysis.[5] The Supreme Court explained in *Holloway v. United States*, 526 U.S. 1, 7–8 (1999), that the carjacking statute allows for conviction with a showing of conditional intent, meaning the defendant was willing to inflict death or serious bodily injury had it become necessary to take the vehicle. The Government must prove that, "*at the moment the defendant demanded or took control of the vehicle*, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." *United States v. Foster*, 507 F.3d 233, 247 (4th Cir. 2007) (emphasis added). Although the use of force is conditional, the intent requirement is not: In every carjacking case, the defendant must have "unconditionally or conditionally intended to cause death or serious bodily harm." *United States v. Small*, 944 F.3d 490, 498 (4th Cir. 2019) (cleaned up). The carjacking statute's specific intent requirement is sufficient to satisfy *Borden*.

Basham errs by relying on the Fourth Circuit's decision in *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996), for the proposition that intimidation under the carjacking and bank

---

[4] Basham agrees. *See* ECF No. 1723 at 13 ("No reason exists why this same definition of 'intimidation' [in the bank robbery statute] should not apply here.").

[5] In 1994, the carjacking statute was amended to add a conditional intent element: "Whoever, *with the intent to cause death or serious bodily harm*, takes a motor vehicle . . . ." Pub. L. 103-322, 108 Stat 1796, 1970 (1994).

robbery statutes can be committed by less than intentional conduct. *See* ECF No. 1723 at 13. The Fourth Circuit rejected this argument in *McNeal*. There, the defendants argued bank robbery by intimidation is not a crime of violence under § 924(c)'s elements clause because it can be committed by recklessly engaging in intimidation. *Id.* at 155. Like Basham, they relied on *Woodrup*, which they argued rejected an intent requirement. *Id.* The Fourth Circuit disagreed, holding "[a] fair reading of *Woodrup* does not compel that interpretation." *Id.* The court explained *Woodrup* "had no occasion to consider whether bank robbery requires general intent (i.e., knowledge) with respect to intimidation." *Id.*

*McNeal* relied on the Supreme Court's decision in *Carter v. United States* to hold bank robbery requires proof of general intent, "'that is, that the defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation).'" *Id.* (quoting *Carter v. United States*, 530 U.S. 255, 268 (2000)). Thus, *McNeal* held, "to secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating." *Id.* So bank robbery satisfies the requirement "that, to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use of physical force." *Id.* And because the bank robbery and carjacking statutes use the same definition of "intimidation," carjacking also requires a sufficient level of intent to satisfy *Borden*.

*Evans*, *Runyon*, *Foster*, and *Small* all establish that carjacking requires the intentional use, attempted use, or threatened use of force. *Borden* does not disturb those holdings, and Basham's claim should be rejected.

11

### III.   BASHAM'S §§ 924(c) AND (o) CONVICTIONS ARE STILL VALID BASED ON THE CARJACKING RESULTING IN DEATH PREDICATE.

Basham's § 2255 motion should be denied because carjacking resulting in death is a § 924(c) predicate crime of violence supporting his §§ 924(c) and (o) convictions. As the Government explained in a previous filing, the Fourth Circuit's decision in *United States v. Ali*, 991 F.3d 561, 572–76 (4th Cir. 2021), forecloses Basham's claim that both of his predicate crimes must be valid in order to uphold his §§ 924(c) and (o) predicates. *See* ECF No. 1705 at 13–16. *Ali* held that a defendant's § 924(c) conviction after a jury trial is valid even if it is based on one valid and one invalid predicate, as long as the record clearly establishes that the defendant used a firearm in connection with the valid predicate. *Id.* The record in this case makes clear that the kidnapping and carjacking resulting in the death of Alice Donovan were inextricably intertwined. *See* ECF No. 1705 at 14. There is no reasonable possibility that the jury based its §§ 924(c) and (o) verdicts only on her kidnapping, and not on her carjacking. When, as here, there are two predicate offenses that are "inextricably intertwined," there can be no doubt that the still-valid predicate supports the conviction. *See United States v. Cannon*, 987 F.3d 924, 948 (11th Cir. 2020) (upholding § 924(c) conviction because valid and invalid predicate crimes were "intertwined and coextensive").

Basham attempts to avoid *Ali*'s holding by citing *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021), which determined both possible predicates were still § 924(c) crimes of violence before upholding the defendant's convictions. *See* ECF No. 1723 at 19. But *Runyon* expressly left open the question of whether a defendant is entitled to relief where a jury may have convicted him of a § 924(c) violation based on two predicates, one of which is no longer valid. In the original panel opinion, *Runyon* stated that "if one predicate offense does not qualify, [the court] would be required to vacate the conviction." *See Order Granting Panel Rehearing*, *United States*

*v. Runyon*, No. 17-5, ECF No. 110 at 1 (4th Cir. Feb. 12, 2021).  The court granted panel rehearing and reissued the opinion without that sentence.  *Id.*  Then, the following month in *Ali*, the Fourth Circuit rejected the claim that if there is "uncertainty as to which theory" the jury adopted when it found the defendant guilty of the § 924(c) counts, the conviction must be vacated.  991 F.3d at 575.  The court held "that ambiguity is insufficient" to meet the defendant's burden of showing prejudice on plain-error review.  *Id.  Ali* establishes Basham is not entitled to relief.  No reasonable juror could have found he used and carried a firearm in relation to the kidnapping but not the carjacking.  His §§ 924(c) and (o) convictions are supported by a valid predicate, and his motion should be denied.

To the extent Basham continues to rely on *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (en banc), to argue his §§ 924(c) and (o) convictions were based only on the kidnapping, *see* ECF No. 1723 at 18 (citing *Vann*), his claim is without merit.  In *Vann*, the defendant was charged "in a single charging document with alternative types of conduct in the conjunctive," and he did not plead guilty, separately, to any one of the alternatives.  660 F.3d at 774.  The court held "a guilty plea admits all the elements of a formal criminal charge," and "the formal criminal charge" is "nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive."  *Id.* at 775.

Unlike in *Vann*, there is no "least serious" offense contained in Basham's statutes of conviction—§§ 924(c) and (o).  The statutes describe a single crime:  using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a crime of violence or drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).  A defendant who is convicted of violating § 924(c) or § 924(o) is guilty of the same offense and subject to the same penalty regardless of the predicate

supporting the conviction. *Vann* does not support Basham's claim that a defendant is convicted of only the least serious *predicate* charged in a § 924(c) count.

Second, in *Vann*, the Fourth Circuit applied an interpretive rule in the absence of any evidence that established the offense to which the defendant had pleaded guilty. The question in *Vann* was whether a guilty plea "necessarily" admitted to "all allegations charged conjunctively" where the defendant did not expressly admit to all of those allegations. 660 F.3d at 774. Basham's case is different because the jury clearly convicted him of all of the allegations: it found him guilty of both kidnapping resulting in death and carjacking resulting in death. Basham is guilty of both predicates, and both predicates supported the §§ 924(c) and (o) convictions.

Third, Basham continues to offer no authority to support his contention that kidnapping resulting in death is a less serious offense than carjacking resulting in death. Both crimes are punishable by up to life in prison or death. *See* 18 U.S.C. § 1201(a); 18 U.S.C. § 2119(3). There is no basis to conclude kidnapping resulting in death is a less serious offense. "As such, even if the Court were forced to consider only the 'least serious' charge to which [Basham] may have [been found] guilty, there is no winner and no loser." *Castellon v. United States*, 435 F. Supp. 3d 694, 699 (W.D.N.C. 2020) (noting two predicates had same statutory punishment and were subject to the same Sentencing Guideline). "The Court cannot arbitrarily pick one over the other to suit [Basham's] purposes." *Id.*

Basham was found guilty of the still-valid predicate of carjacking resulting in death. His §§ 924(c) and (o) convictions therefore remain intact, and he is not entitled to relief.

## IV.     CONCLUSION

Basham was convicted of the §§ 924(c) and (o) charges based on both the kidnapping and the carjacking resulting in the death of Alice Donovan. Carjacking resulting in death is a § 924(c)

predicate crime of violence: it requires the intentional use, attempted use, or threatened use of force. Basham's §§ 924(c) and (o) convictions are therefore valid even if kidnapping is no longer a predicate, and Basham's motion should be denied. However, as discussed in the Government's earlier responses, should the Court vacate these convictions, the appropriate remedy would be to vacate their accompanying sentences, not to award Basham a new penalty phase of his trial or amend any other aspect of his sentence.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: */s/Kathleen Michelle Stoughton*
Kathleen Michelle Stoughton
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.     (803) 929-3114
Fax.    (803) 254-2912
Email: Kathleen.Stoughton@usdoj.gov

October 19, 2022

15