IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:02-CR-00992-JFA |
| | ) | |
| Plaintiff-Respondent, | ) | Hon. Joseph F. Anderson, Jr. |
| | ) | United States District Judge |
| v. | ) | |
| | ) | |
| BRANDON L. BASHAM, | ) | CAPITAL CASE |
| | ) | |
| Defendant-Petitioner. | ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO GOVERNMENT'S
RESPONSE BRIEF**

Petitioner Brandon Basham, through undersigned counsel, joins counsel for Fulks in his motion (ECF No. 1730) and respectfully moves this Court for leave to file a reply to the Government's Response to Basham's Supplemental Memorandum Regarding *United States v. Taylor*, *United States v. Dickerson*, and *United States v. Ogun*. (ECF No. 1729.) Mr. Basham respectfully requests until November 10, 2022 to file his reply and counsel for Respondent, Kathleen Stoughton, has indicated the Government does not oppose this request.

On June 17, 2016, Mr. Basham's request to file a successive § 2255 motion, based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 1616.) Mr. Basham argued that his 18 U.S.C. § 924(c) and § 924(o) convictions should be vacated because *Johnson* invalidated the statute's "residual clause" and furthermore, his convictions cannot be upheld under the "force clause," so he should be resentenced. *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *United States v. Davis,* 139 S. Ct. 2319 (2019); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

Pursuant to this Court's orders, Mr. Basham and the Government have filed supplemental briefs regarding the impact of *Borden v. United States*, 141 S. Ct. 1817 (2021), *United States v.*

1

*Taylor,* 142 S. Ct. 2015 (2022) and *United States v. Ogun*, Nos. 16-7450, 20-6578, 2022 WL 843899 (4th Cir. Mar. 22, 2022) (unpublished)[1] (ECF Nos. 1728, 1729.)  In its most recent filing, the Government takes positions and makes arguments which necessitates a response from Mr. Basham, including whether *Taylor* undermines the United States Court of Appeals for the Fourth Circuit's jurisprudence on whether federal carjacking under 18 U.S.C. § 2119 is a crime of violence, and whether Fourth Circuit jurisprudence on carjacking is consistent with the mens rea requirement for crimes of violence as set forth in *Borden*.

**Conclusion**

Accordingly, Mr. Basham respectfully requests to November 10, 2022 to his reply brief.

Respectfully submitted this 31st day of October, 2022.

Jon M. Sands
Federal Public Defender
Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders

By *s/Leticia Marquez*_____
Counsel for Defendant-Petitioner

---

[1] The Fourth Circuit consolidated *United States v. Dickerson*, No. 20-6578 and *United States v. Ogun*, No. 16-7450.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 31st day of October, 2022, I electronically filed the foregoing Unopposed Motion for Leave to File a Reply to Government's Response Brief with the Clerk's Office by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of this document will be accomplished by the CM/ECF system.


<u>/s/Leticia Marquez</u>
Assistant Federal Public Defender
Federal Public Defender's Office
District of Arizona