IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 4:02-992-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRANDON L. BASHAM | ) | |
| _____ | ) | |

This matter is before the court on defendant's *pro se* letter (ECF No. 1762) to reopen his criminal case and be resentenced in light of what he vaguely refers to as the unconstitutional stacking of § 924(c) gun charges in his criminal case. The defendant also asks this court to appoint him counsel.

As an initial matter, there is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012).

The defendant's request to reopen his case and be resentenced is denied without prejudice. The Clerk is directed to forward to the defendant an 18 U.S.C. § 3582(c)(1)(A) motion form so that the defendant may properly set forth the legal basis for his post-conviction relief request. Because the defendant has not otherwise established that the interests of justice require appointment of counsel at this time, that portion of the motion is also denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 24, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge